**In re Ronald Stuart WEISZ, Debtor.**

**No. CV 84–0594.**

United States District Court, E.D. New York.

Nov. 26, 1984.

Fred M. Schwartz, Jericho, N.Y., for appellants Stockholders of ABC Raquetball Courts Inc.

Ballon, Stoll & Itzler by Burton D. Strumpf, New York City, for Trustee.

Meissner, Tisch & Kleinberg, New York City, for Phyllis Weisz.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Debtor Ronald Stuart Weisz filed a voluntary Chapter 7 petition in bankruptcy on October 3, 1980. Among his creditors are the appellants in this matter, the stockholders of ABC Racquetball Courts, Inc. In November 1982 appellants collectively and individually were awarded non-dischargeable judgments amounting to $361,575.00 by the Bankruptcy Court. The judgments

were filed in the Suffolk County Clerk's Office. This, appellants contend, became a lien on real property located in the county at 41 Knollcrest Road, Nesconset, New York.

The house and land at 41 Knollcrest Road was held by the debtor and his wife as tenants in the entirety. A 1982 appraisal of the property valued it at $105,000.00. Based on that, debtor's interest, taking into account mortgage liens and the spousal interest, was valued at about $9,830.00. On May 9, 1983 after a trial, the Bankruptcy Court authorized the Trustee, pursuant to 11 U.S.C. § 363(h), to sell the debtor's interest in the property at 41 Knollcrest Road.

The Trustee could find no one other than Phyllis Weisz, mother of the debtor, interested in purchasing the debtor's interest. She offered $9,000.00, and in October 1983 by Order to Show Cause the Trustee petitioned the Bankruptcy Court for approval of the sale to Phyllis Weisz. On December 27, 1983 the Bankruptcy Court authorized the sale, "subject to all mortgages, liens, judgments, and other encumbrances which existed against the property on October 2, 1980 and ... free and clear of any liens, judgments or other encumbrances filed against the property on or after October 2, 1980."

It is from this order that appellants seek relief, claiming first that the property was worth more at the time of the sale than the 1982 valuation and should have been reappraised, and second that the property, should not have been sold free and clear of appellants' 1982 judgments. Appellants also seem to argue that the property, including debtor's interest, should have been sold at a possible bank foreclosure sale, which would have yielded greater proceeds.

Appellants filed a Notice of Appeal on January 6, 1984. When appellants failed to file with the Clerk of the Bankruptcy Court a designation of the record on appeal as required by Rule 8006, 11 U.S.C. Bankruptcy Rules, the Trustee, appellee here, on January 27, 1984 moved the Bankruptcy Court to dismiss the appeal. That Court denied the motion on the ground that the motion should have been made before this Court. The Bankruptcy Court also held that the appellee's motion was mooted because appellants included the Rule 8006 designation of items with their opposition to the dismissal motion.

The appeal was duly transmitted to this Court on February 14, 1984. No further action was taken until April 30, 1984, when appellee filed the instant motion to dismiss for appellants' failure to file timely a brief on appeal, as required by Rule 8009. On May 8, 1984 appellants filed with the Court their opposition to the motion and their brief on appeal.

Rule 8006, 11 U.S.C. Bankruptcy Rules, provides in pertinent part:

Record and Issues on Appeal.

Within 10 days ... after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

The relevant section of Rule 8007 states:

(b) Duty of clerk to transmit record; copies of record; docketing of appeal.

When the record is complete for purposes of appeal, the clerk of the bankruptcy court shall transmit it forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. ... On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Rule 8009 sets out in relevant part:

(a) Briefs

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits.

(1) The appellant shall serve and file his brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Clearly, under the Bankruptcy Rules the appellants should have filed the designation of the record on appeal by January 16, 1984 and the brief on appeal by March 1, 1984, or otherwise obtained leave of Court to file at a later time.

Rule 8001(a) states, "Failure of an appellant to take any steps other than the timely filing of the notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Here, appellants did not designate the record on appeal until prodded by appellee's motion to dismiss. Thereafter, appellants allowed two months to elapse without either filing an appellate brief or requesting an extension of time from the Court. Only after the appellee again moved to dismiss for appellants' lack of action did appellants file their brief.

One close call does not appear to have been enough warning for appellants. This Court is not inclined to be even more generous than the Bankruptcy Court in waiving the time requirements. Appellants have not shown slight delay in meeting filing deadlines or even offered plausible explanations for failure to conform. Rather, appellants have shown no interest in conforming to the rules until faced with dismissal. A two month span of inactivity ended only involuntarily does not ask generous waiver by the Court, it asks for laxity. The only reasons appellants give the Court for accepting the brief out of time are that the delay was too short to prejudice the Trustee and the appeal has prevailing merit. No explanation is made for the failure to act or request extensions.

The appellants' inactivity has been egregious and unjustified. It has worked prejudice on the appellee not so much in the passage of time but by making the appellee repeatedly act to move the case along and end the indefinite limbo caused by appellants' inactivity. Accordingly, the motion of the stockholders of ABC Racquetball Courts, Inc. for leave to file out of time is denied and the appeal is dismissed pursuant to Rule 8001(a), 11 U.S.C. Bankruptcy Rules, for failure to file timely the brief on appeal as required by Rule 8009(a)(1).

The Clerk of the Court is hereby ordered to dismiss the bankruptcy appeal and enter judgment in favor of the appellee Trustee.

SO ORDERED.