### In re SUNCOAST AIRLINES, INC., Debtor.

### ATKINSON & MULLEN TRAVEL, INC., d/b/a Apple Vacations, Plaintiff,

### v.

### SUNCOAST AIRLINES, Defendant.

### No. 89–6925–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 8, 1990.

---

See also 101 B.R. 350.

Andrew J. Nierenberg, Coral Gables, Fla., for Suncoast Airlines, Inc.

Lawrence A. Kellogg, Miami, Fla., for Atkinson & Mullen Travel, Inc.

## MEMORANDUM ORDER AND OPINION

MORENO, District Judge.

Suncoast Airlines appeals from a bankruptcy court order in which Judge A.J. Cristol denied Suncoast's motion to vacate an order dismissing appeal and for extension of time in which to file the designation of record and statement of issues.

### FACTS

Following bankruptcy proceedings, Judge A.J. Cristol entered a final order on April 12, 1989 in favor of the appellees, Atkinson & Mullen Travel, Inc. d/b/a Apple Vacations. The Appellant filed for extensions of time in which to file its appeal of the bankruptcy proceedings. Ultimately, an appeal was filed on May 30, 1989.[1] Appellant, however, did not file the supplemental documents within the ten days prescribed by the rule nor did they seek an extension of time within the ten days in which to file the documents.[2]

Rule 27 of the Local Rules of the Southern District of Florida authorize the Bankruptcy Courts to dismiss an appeal for failure to file such documents. On June 19, 1989 (20 days after the notice of appeal was filed), the Bankruptcy Court entered the order dismissing the appeal. The Appellants thereafter filed a motion to vacate the order of dismissal and filed for an extension of time in which to file the designation of the record and statement of the

---

1. Although the Bankruptcy Rules for Appeal dictate that appeals from all orders, judgments or decrees shall be filed within 10 days from entry by the Clerk of the bankruptcy court, the rule allows for an extension of time, by leave of court, for a time not to exceed 20 days from the expiration of the 10 day deadline. Bankruptcy Rule 8002(a)–(c).

2. Within 10 days of the filing of the notice of appeal, the appellants shall file with the clerk of the bankruptcy court a designation of the record and statement of issues. Bankruptcy Rule 8006.

issues. The supplemental documents were filed prior to the court hearing argument on the motions on July 7, 1989 (over 1 month after the notice of appeal was filed). The court denied both the motion to vacate and the motion for an extension on August 7, 1989, serving to finally dismiss the appeal from the May bankruptcy proceedings. Appellant argues that the Bankruptcy Court erred in dismissing the appeal for failure to timely file a designation of the record and statement of issues. It further argues that the local rule upon which the bankruptcy court dismissed the appeal allows the court to dismiss an appeal on the merits without ever providing the claimants notice of the impending dismissal. Finally, the appellant argues that the Bankruptcy Court erred in determining that it had no jurisdiction to hear an appeal of an order dismissing a cause pursuant to Local Rule 27.

## DISCUSSION

### I

■ The appellant argues that a dismissal based upon the failure to file the documents would be contrary to In re Beverly Manufacturing Corp.; Brake v. Tavormina, 778 F.2d 666 (11th Cir.1985), where the Court held that the District Court abused its discretion in dismissing a case for an appellant's failure to timely file his brief. There, the appellant timely filed his notice of appeal and the designation of the record, but failed to timely file his brief. The appellant argued that the dismissal was neither mandatory nor appropriate under the rule and the circumstances. Searching for the best approach to take in reviewing dismissals based upon the failure to file briefs, the court adopted a standard which required a finding of bad faith, negligence or indifference. Such flexible standard is consistent with the policy of encouraging swift prosecution of appeals. In re Sasson Jeans, Inc., d/b/a Sasson Industries and Sasson, 90 B.R. 608 (S.D.N.Y.1988).

Such standard should not be as harsh as the standard used in dismissing appeals for failure to file notices of appeal. Filing a notice confers jurisdiction while the filing of subsequent documents does not determine jurisdiction. Since the issue at hand is limited to the filing of subsequent documents, the more flexible standard is to be applied. Thus, if the appellant acted in bad faith or was negligent or indifferent, the order of dismissal is within the court's discretion.

■ Appellant argues lack of bad faith, negligence or indifference. He argues that the failure to timely file was due to excusable neglect consisting of the combination of the law office's unfamiliarity with federal court proceedings, including notice requirements, and the attorney's busy schedule as a solo practitioner.

In In re South Atlantic Financial Corp, 767 F.2d 814 (11th Cir.1985), the court provided examples of excusable neglect such as a lawyer mailing notice to an incorrect address which delayed the filing by three days; or where because of no fault of his own, the lawyer had no notice of the bar date. Chief Judge Tjoflat cited as examples of circumstances which do not amount to excusable neglect: reliance on misinformation obtained from bankruptcy court clerk regarding duty to file proof of claim; misunderstanding between a creditor and its lawyers which caused late filing of proof of claim; failure to demonstrate that necessary records could not easily have been obtained where creditor failed to obtain records necessary to timely file proof of claim.

None of the reasons offered by the appellant is recognized as "excusable". A solo practitioner's busy schedule, simple inadvertence or mistake regarding the content of the rules or, unfamiliarity with the rules do not qualify as excusable neglect. The court is required to find that any inadvertence was due to something beyond the control of the person sought to be excused. In re: South Atlantic Financial Corp, 767 F.2d at 818. The court finds no support for such finding in the record.

### II

■ Local Rule 27 clearly states that the District Courts may review Bankruptcy

Court orders issued under the purview of that statute. It specifically details time schedules to be adhered to. In this case, the Bankruptcy Court correctly deferred the appeal of its own order to the District Court.

 Furthermore, Local Rule 27(F) mandates that the clerk of the bankruptcy court provide parties with a copy of the rule upon filing the appeal. In this district, the bankruptcy court provides such copies within 24 hours of the notice of appeal being filed. In the absence of any evidence that the copy was not sent, this court will assume that the copy was provided. *In re Colombian Coffee*, 71 B.R. 258 (Bkrcy.S.D. Fla.1987). Therefore, the court finds no due process violation.

Accordingly, the denial of the motions to vacate the order dismissing the appeal is AFFIRMED.

DONE AND ORDERED.