**Keven McKENNA, Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

**In re REMINGTON DEVELOPMENT GROUP, INC.**

Civ. A. No. 94–0434–P.
Bankruptcy No. 93–13020.

United States District Court,
D. Rhode Island.

Dec. 8, 1994.

Keven A. McKenna, Providence, RI, for appellant.

James M. Lynch, U.S. Trustee by Sherly Serreze, Region 1, Dept. of Justice, Providence, RI, for U.S. Trustee.

### ORDER

PETTINE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Robert W. Lovegreen filed on November 16, 1994, in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1).

The Appellee's Motion to Dismiss is granted.

So Ordered.

### REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Presently before the court is the appellee's, United States Trustee ("Trustee"), motion to dismiss this bankruptcy appeal for failure to prosecute pursuant to Fed. R.Bankr.P. 8001. Appellant, Keven McKenna ("McKenna"), is appealing a decision of the United States Bankruptcy Court for the

District of Rhode Island entered June 13, 1994, ordering him to pay $1,000 to the court as a sanction pursuant to Fed.R.Bankr.P. 9011. Based on the following analysis, I recommend that the appellee's motion to dismiss be granted.

### Background

On December 1, 1993, the Remington Development Group, Inc. ("Remington") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq., in the United States Bankruptcy Court for the District of Rhode Island. That petition identified McKenna as counsel for Remington and was signed by McKenna in this representative capacity. As required by Fed.R.Bankr.P. 2016(b) and 11 U.S.C. § 329, McKenna submitted a statement of any compensation paid or agreed to be paid to him by the debtor, Remington, which indicated that he received $500 from Remington prior to the filing of the petition "for services rendered or to be rendered in contemplation of and in connection with the case ..." (Mot. of the U.S. Trustee for Order Dismissing Appeal ("U.S. Motion"), ex. A, ¶ 3.) On January 5, 1994, the Trustee filed a motion for an order dismissing Remington's bankruptcy case, compelling McKenna to disgorge his fees paid by Remington and for the imposition of sanctions against McKenna. The Bankruptcy Court held a hearing on this motion and entered its order and a memorandum of decision on the fee disgorgement and sanctions portions on June 13, 1994. The Bankruptcy Court did not decide the motion to dismiss on that date, and a review of a printout of the Bankruptcy Court's docket in the case dated September 2, 1994 indicates the case was still open then. (Record of Appeal, ex. 3.)

In its June 13, 1994 decision, the Bankruptcy Court stated that there could be no fee disgorgement but ordered McKenna to pay $1,000 to the court as a sanction pursuant to Fed.R.Bankr.P. 9011. (U.S. Motion,

ex. B at 1.) The court found that the $500 payment McKenna had listed in his Rule 2016(b) statement had in fact never been made. *Id.* at 9–10. The court noted that this was not the type of disclosure deficiency that commonly leads to sanctions, but specifically refrained from deciding whether this misstatement warranted a sanction. *Id.* at 10. Instead, the court sanctioned McKenna for executing Remington's bankruptcy petition for an improper purpose in violation of Fed.R.Bankr.P. 9011. *Id.* at 10 and 14. The Bankruptcy Court found that at the time the petition was filed, McKenna knew that his own claim for $25,000 against Remington for past litigation presented a conflict of interest that would prevent him from representing Remington as a debtor in possession. *Id.* at 11–12 n. 13. This the court concluded presented two possibilities that McKenna signed the petition with an improper purpose. "The first is that he knew that Remington was not going to reorganize, and would therefore not need reorganization counsel." *Id.* at 12.

> The alternative would be to conclude that Remington actually intended to reorganize. In that case, immediate retention of qualified reorganization counsel would be imperative. If exigent circumstances had compelled Remington's rapid-fire filing, and if no other attorney was available to assist in commencing a timely reorganization case, McKenna would not have been free to file the petition and bide his time. It would have been improper for him knowingly to continue a charade, waiting until the court, the [Trustee] or some other party called his bluff.

*Id.* at 14.

The parties agree that McKenna filed a timely notice of appeal to the June 13, 1994 order on June 24, 1994. McKenna was then required by Fed.R.Bankr.P. 8006 and 9006(a) to file with the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal by July 5, 1994.[1] On August 18, 1994, the Trustee filed the present motion to dismiss in this court alleging

---

1. Rule 8006 of the Federal Rules of Bankruptcy Procedure states in pertinent part:

   Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant

shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.... Any party filing a designation of the items to be included in the

that McKenna had not filed the required designation of the record and statement of issues. On August 24, 1994, McKenna filed the required documents in the Bankruptcy Court and two days later filed his objection to the motion to dismiss in this court.

The record on appeal was received in this court from the Bankruptcy Clerk on September 2, 1994 pursuant to Fed.R.Bankr.P. 8007(b).[2] McKenna does not contend that he was not on notice of the entry of his appeal in this court's docket, and pursuant to Fed. R.Bankr.P. 8009(a) and 9006(a), his appellate brief was due in this court on September 19, 1994, fifteen days from the September 2, 1994 entry of this appeal on the docket.[3] McKenna did not file his brief in this court until October 11, 1994.

### Discussion

The Trustee's motion to dismiss the present appeal should be granted. According to the Federal Rules of Bankruptcy Procedure, this matter lies within this court's discretion. *Cournoyer v. Town of Lincoln*, 53 B.R. 478, 481 (D.R.I.1985), *aff'd*, 790 F.2d 971 (1st Cir. 1986). Rule 8001(a) states in pertinent part:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action

as the district court ... deems appropriate, which may include dismissal of the appeal.

Fed.R.Bankr.P. 8001(a). Neither the rules nor any case law within this district that my research has detected delineate any further standard by which the present motion is to be decided. Nevertheless, a number of other courts have identified factors to be considered in deciding such a motion. These include: (1) the bad faith or negligence of the appellant, *Atkinson and Mullen Travel, Inc. v. Suncoast Airlines (In re Suncoast Airlines Inc.)*, 121 B.R. 403, 405 (S.D.Fla.1990); (2) whether the appellant's explanation for the delay is worthy of excuse, *Id.; In re Weisz*, 44 B.R. 285, 287 (E.D.N.Y.1984); and (3) whether the delay has worked any prejudice to other parties, *Cournoyer v. Town of Lincoln*, 53 B.R. at 482; *In re Weisz*, 44 B.R. at 287.

McKenna's one page objection to the motion to dismiss addresses none of these factors. It simply states that as grounds for his objection, "Appellant avers as follows:

Appellant has done the following:
1. Provided the transcript of the hearing related to the appeal.
2. Filed a designation of exhibits and items of the record required to hear the appeal.

---

record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the expense of the party. If the record designated by any party includes a transcript of any proceeding or a party thereof, the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its costs. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Rule 9006(a) of the Federal Rules of Bankruptcy Procedure governs computation of time and provides in pertinent part:

(a) **Computation.** In computing any period of time prescribed or allowed by these rules ..., the day of the act, event, or default from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

2. Rule 8007(b) of the Federal Rules of Bankruptcy Procedure states in pertinent part:

(b) **Duty of clerk to transmit copy of record; docketing of appeal.** When the record is complete for purposes of appeal, the [bankruptcy] clerk shall transmit a copy thereof forthwith to the clerk of the district court.... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

3. Rule 8009(a) of the Federal Rules of Bankruptcy Procedure provides in pertinent part.

(a) **Briefs.** Unless the district court ... by local rule or by order excuses the filing of briefs or specifies different time limits:
(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

The record does not reflect an order and there is no local rule of this court that would excuse the filing of briefs or specify different time limits.

The pertinent text of Rule 9006(a) may be found *supra* at note 1.

3. Designated the issue on appeal.

4. Deposited $1,000 in the Court."

(Obj. to Mot. for Order Dismissing Appeal.) At oral argument on the present motion, McKenna stated: that he presented the issues on appeal in his notice of appeal and believed that this satisfied the Bankruptcy Rules; that he did not realize that he had to file exhibits for the record on appeal until the present motion was filed; that the record was not immediately available because Judge James B. Haines, Jr. of the United States Bankruptcy Court for the District of Maine, who sat by designation in this matter, had the exhibits in Maine; that the exhibits had not been filed with the clerk in Providence; and lastly, that no prejudice to the Trustee or gross negligence on his own part were present in this case.

No evidence of bad faith appears from McKenna's conduct. Still, McKenna's representations concerning the location of the exhibits he needed are somewhat confusing. Apparently, he contends that the Bankruptcy Court file was in the hands of Judge Haines in Maine, but points to no evidence in support of this assertion. Further, what McKenna means by his averment that exhibits were not filed with the clerk in Providence is unclear. Nevertheless, assuming, arguendo, that he did not have access to the exhibits he needed to be able to copy them, this should not have prevented him from filing a designation of the items to be included in the record on appeal based upon his knowledge of the case and his ability to reference the contents of the Bankruptcy Court file through the court's docketing system. He then could have contacted the bankruptcy clerk for the District of Rhode Island to procure access to those documents listed in his designation of record. Rule 8006, Fed.R.Bankr.P. 8006, in fact contemplates occasions when, for whatever reason, an appellant does not provide copies of the documents specified in his or her designation of the record. The rule directs the bankruptcy clerk to prepare the copies at the appellant's expense. Thus, McKenna, at the very least should have provided the designation of items to be included in the record on appeal as required by Fed.R.Bankr.P. 8006, whether or not he was immediately able to provide copies of the specified documents. Further, if for some reason McKenna could not properly create a designation of record without access to the court file, he should have requested an enlargement of the time within which he was required to comply with Fed.R.Bankr.P. 8006 as provided in Fed. R.Bankr.P. 9006(a). He did not do so either before or after the filing deadlines at issue.

We are thus left with the remainder of McKenna's reasons for his delay. "[S]imple inadvertence or mistake regarding the content of the rules or, unfamiliarity with the rules do not qualify as excusable neglect." *Atkinson and Mullen Travel, Inc. v. Suncoast Airlines (In re Suncoast Airlines, Inc.)*, 121 B.R. at 405. Thus, McKenna's assertion that he believed his notice of appeal satisfied Rule 8006's statement of issues requirement and his explanation that he did not realize he had to file exhibits to be included in the record on appeal are of little help in providing a suitable explanation for his delay. To the extent that his professed ignorance of the applicable Bankruptcy Rules is entitled to any consideration, his second failure to examine the rules and file his brief in a timely fashion is inexcusable.

Similarly, McKenna's assertion that the delay was too short to cause prejudice to the Trustee and that the appeal has prevailing merit are not plausible explanations for failure to conform to the Bankruptcy Rules. *In re Weisz*, 44 B.R. at 287. An appellant's inactivity may not cause prejudice solely in passage of time, but may prejudice the appellee by forcing them to repeatedly act to move the case along, prompting the appellant to prosecute his or her appeal. *Id.* Such is the case here. McKenna did not file the designation of record and statement of issues until after the Trustee filed this motion to dismiss and then, he later filed his brief out of time. Thus, because McKenna is unable to articulate a plausible explanation worthy of excusing his repeated negligent delay of the appeal he brought, it should be dismissed.

I recognize that other courts have noted the drastic nature of dismissal of an appeal for an appellant's failure to comply with procedural rules, but I find that such a result is warranted in this case. First, to a large extent, the concern over the immoderate nature of dismissal in these cases stems from

the fact that such a dismissal may definitively punish a party innocent of any wrongdoing rather than his or her attorney who is responsible for the dereliction. *In re Hill,* 775 F.2d 1385, 1387 (9th Cir.1985). Such is not the case here. McKenna is representing himself in this matter, as he was personally sanctioned by Judge Haines. Therefore, the punitive effect of dismissal of this appeal would be felt by the appropriate individual. Further, McKenna's primary explanation for the delays he caused in this appeal is his lack of understanding of the rules governing this appeal. This frankly is an unacceptable reason coming from an attorney, particularly in light of the fact that after the filing of this motion to dismiss had put McKenna on notice of his failure to follow the Federal Rules of Bankruptcy Procedure, he failed to comply with their requirements a second time and filed his appellate brief 22 days late. Consequently, I do not feel that dismissal is too drastic a measure under these circumstances.

### Conclusion

Based on the foregoing analysis, I recommend that the appellee's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[4] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[5]

November 18, 1994.

---

4. Rule 32, Local Rules of Court,; F.R.Civ.P. 72(b).

5. *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).