In re Oreste C. CARBONE, Debtor.

Bankruptcy No. 00–40517 JBR.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 16, 2000.

David W. Ostrander, Ostrander Law Office, North Hampton, MA, for Oreste C. Carbone, debtor.

Jack Houghton, Jr., Pittsfield, MA, for Rinaldo Del Gallo, d/b/a Corporate Finance Associates of Pittsfield, Inc.

### Memorandum Decision on the Creditor's Objection to Confirmation of the Debtor's Chapter 13 Plan

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter before the Court is the objection of creditor Rinaldo Del Gallo, Jr., d/b/a Corporate Finance Associates of Pittsfield, Inc. ("CFA"), to confirmation of

the Chapter 13 plan ("the Plan") proposed by Oreste Carbone, the debtor in this Chapter 13 case. CFA objects to the Plan on numerous grounds, alleging, among other things, that: (1) Carbone proposed the Plan in bad faith; (2) Carbone understated the value of certain real property listed on his schedules; (3) Carbone fraudulently transferred assets to defraud CFA, and; (4) Carbone's Plan is not feasible. After a hearing, and review of the procedural rules governing these proceedings, the Court finds the CFA objection is untimely, and, therefore, overrules the objection without reaching the merits of CFA's claims.

### Background

The pertinent facts regarding CFA's objection on confirmation of the Plan are as follows. Oreste Carbone ("the Debtor") is an individual who filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code ("the Code") on February 4, 2000. CFA is a corporation organized under the laws of the Commonwealth of Massachusetts. The Debtor scheduled CFA as a creditor in the case, and CFA timely filed a proof of claim with the Court.[1] Pursuant to § 341 of the Code, a meeting of the creditors ("the § 341 Meeting") was set for March 31, 2000. On March 8, 2000, the Debtor filed the Plan with the Court and served it on the Chapter 13 Trustee and all creditors. On March 23, 2000, the debtor notified all parties that the § 341 Meeting was rescheduled to April 14, 2000. On April 14, 2000, the Chapter 13 Trustee convened the § 341 Meeting, and the Debtor was available for examination by the Chapter 13 Trustee and all creditors. At the § 341 Meeting, the Chapter 13 Trustee and the Debtor completed and filed with the Court a modification to the Plan to accurately reflect the priority claims of the Internal Revenue Service and the Massachusetts Department of Revenue. Both the Chapter 13 Trustee and the Debtor signed a statement indicating neither notice to other creditors nor a hearing on the modification were necessary because the modification did not adversely affect creditors.

On May 15, 2000, counsel for CFA, who filed a Notice of Appearance and Request for Service of Notice on April 17, 2000, mailed CFA's objection to confirmation of the Plan to the Court for filing. The Court received CFA's objection on May 16 and filed it that day. On May 19, 2000, the Debtor filed an opposition to CFA's objection. The Court scheduled a hearing on CFA's objection. After numerous continuances, and a barrage of eleventh hour pleadings by CFA's counsel, the Court heard the parties on CFA's objection.[2] Af-

---

1. The Debtor scheduled the CFA claim as a secured claim. The Debtor's "Schedule D—Creditors Holding Secured Claims" reflects that the CFA claim is secured by attachment, issued by the Massachusetts Superior Court, Berkshire County, on two parcels of real property belonging to the Debtor. One parcel is the Debtor's residence. The Debtor owns the residence as a tenant by the entirety with his non-debtor spouse, and he has recorded a homestead exemption on the property. The Debtor moved to avoid CFA's attachment under § 522(f) of the Code, claiming CFA's attachment impaired his homestead exemption under Massachusetts law. CFA did not object, and this Court allowed the Debtor's motion avoiding the CFA attachment on the Debtor's residence in full. The Debtor subsequently moved under § 547 of the Code to avoid the CFA attachment on other unimproved property owned by the Debtor. The Court denied the Debtor's motion for failing

to file an adversarial complaint, as defined by Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and required by Rule 3 of the Federal Rules of Civil Procedure as made applicable by Rule 7003 of the Federal Rules of Bankruptcy Procedure. Notwithstanding these events, the Debtor's Plan treats the CFA claim as an unsecured claim. This Court, though, makes no findings as to whether, or to what extent, the CFA claim is secured by the Debtor's property.

2. As is customary, the Court scheduled a nonevidentiary hearing on CFA's objection. One day prior to hearing, without warning to the Debtor, counsel to CFA, requested an evidentiary hearing stating CFA wished to examine the Debtor and introduce documents. On the day of hearing, immediately after receiving CFA's counsel's request, Debtor's counsel objected, noting the impropriety of such short

ter hearing and deliberation on the substantive and procedural issues raised, the Court overrules CFA's objection to confirmation of the Debtor's Chapter 13 Plan.

### Discussion

Rule 9029 of the Federal Rules of Bankruptcy Procedure authorizes the enactment of Local Bankruptcy Rules to the extent those rules are consistent with, but not duplicative of, Acts of Congress. Fed. R.Bankr.P. 9029(a)(1). Pursuant to this authority, the United States Bankruptcy Court for the District of Massachusetts has promulgated Local Bankruptcy Rules ("the MLBR") applicable in this district. MLBR 1001–1. Rule 3015–1 incorporates by reference MLBR Appendix 1, which contains the Massachusetts Local Rules governing Chapter 13 cases. MLBR 3015–1. Rule 13–8 of MLBR Appendix 1 ("Rule 13–8") governs the procedure and timing for filing objections to confirmation of Chapter 13 plans. MLBR Appendix 1, Rule 13–8.

Rule 13–8 has two parts. Part (a) proscribes the time limits for filing an objection to confirmation of a Chapter 13 plan. Rule 13–8(a) states "that any objection to confirmation of a chapter 13 plan shall be *filed* no later than the later of (i) thirty (30) days after *the date first set* for the section 341 meeting or (ii) thirty (30) days after service of a modified plan, unless

otherwise ordered by the Court."[3] MLBR Appendix 1, Rule 13–8(a) (emphasis added). Thus, an objecting party must file the objection with the clerk of court, *see* Fed.R.Bankr.P. 7005; Fed.R.Civ.P. 5(e), before the later of thirty (30) days after the date first set for the meeting of the creditors, regardless of subsequent rescheduling of the meeting, or thirty (30) days after the debtor serves a modified plan on the Chapter 13 and the creditors.[4] MLBR Appendix 1, Rule 13–8(a). In the absence of a request for enlargement of time to file an objection to confirmation of the debtor's Chapter 13 plan, *see* Fed. R.Bankr.P. 9006(a)(1), these time limits are easily ascertainable and definite.

Part (b) of Rule 13–8 describes the procedural requirements for service of an objection to confirmation. Part (b) states that a party objecting to confirmation of the debtor's Chapter 13 plan must, within the time limits proscribed in Part (a), file the objection with the Court, and also serve the objection on the Chapter 13 Trustee, the debtor, debtor's counsel, and all parties who filed notices of appearances and requests for service of the pleadings. MLBR Appendix 1, 13–8(b). Therefore, in addition to filing the objection with the court clerk, the objecting party must also deliver the objection to the above parties, or, in the alternative, mail the objection to

---

notice. That day, CFA's attorney moved for continuance until the Court could schedule an evidentiary hearing. The Debtor objected. Hours after filing the motion for continuance, CFA's counsel withdrew the motion. The Court, though, denied CFA's motion to continue and ordered the parties to appear for a non-evidentiary hearing. At the hearing, Debtor's counsel represented that CFA's attorney did not timely notify him of his request for continuance, and asked the Court to sanction him. CFA's counsel represented he had faxed his request to Debtor's counsel and filed them with the Court when Debtor's counsel did not respond. The Court directed CFA's attorney to provide the Court with proof of the purported facsimile to Debtor's counsel. CFA's attorney has been unable to do so and has since conceded Debtor's counsel was without notice. While the Court finds CFA's attorney's failure to timely notify Debtor's

counsel of his motion for continuance was sloppy and inappropriate, the Court will not impose sanctions at this time.

3. Rule 13–10(a) of MLBR Appendix 1 allows amendments to Chapter 13 plans at or before the § 341 meeting that do not adversely affect creditors. MLBR Appendix 1, Rule 13–10(a). Such amendments are made by pleading, entitled "Modification of Plan," that is filed with the Court and served on the Chapter 13 Trustee and parties requesting service of pleadings. *Id.*

4. For the purposes of Rule 13–8(a), the Court construes the phrase "modified plan" as including, in addition to modifications anticipated by Rule 13–10, post-confirmation plan amendments.

those parties. *See* Fed.R.Bankr.P. 7005; Fed.R.Civ.P. 5(b). If, however, no objection is timely filed, the Court may confirm the Chapter 13 plan without holding a hearing. MLBR Appendix 1, Rule 13–11(a).

■ Guided by the plain language of this district's Local Rules, the Court makes the following findings and conclusions. First, the Court finds CFA *filed* its objection to confirmation of the Debtor's Chapter 13 Plan on May 16, 2000, Fed.R.Bankr.P. 7005; Fed.R.Civ.P. 5(e); *see McIntosh v. Antonino*, 71 F.3d 29, 36–37 (1st Cir.1995), forty-six (46) days after March 31, 200, "the date first set for the section 341 meeting." MLBR Appendix 1, Rule 13–8(a). Since Rule 13–8, in the absence of a Court order otherwise, required that CFA file its objection within thirty (30) days after the date for which the § 341 Meeting was first set, the Court finds CFA's objection was untimely when measured from the date first set for the § 341 Meeting.

■ Counsel to CFA argues, though, that this Court should construe Rule 13–8(a) as allowing for the filing of an objection to confirmation of a Chapter 13 plan within thirty (30) days after the *actual* meeting of the creditors. In support of this proposition, CFA asserts that construing the rule otherwise deprives creditors of time needed to analyze the plan and examine the debtor to establish the debtor's compliance with § 1325 of the Code. Notwithstanding the obvious conflict of this construction with the plain language of Rule 13–8, such an interpretation fails to consider other devices available to creditors. For example, creditors often have the debtor's plan to analyze in advance of the § 341 meeting, as was the case here, thus allowing them to focus their examination of the debtor at the § 341 meeting. Additionally, Rule 2004 of the Federal

Rules of Bankruptcy Procedure, which CFA invoked in this case, supplements the § 341 examination by providing for further examination of the debtor by a creditor or other party in interest. Fed.R.Bankr.P. 2004(a); *see In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr.D.Mass.1985). Also, if a creditor fears it lacks adequate time to gather information and formulate an objection to confirmation of a Chapter 13 plan, it is well within the vigilant creditor's prerogative to ask the Court to enlarge the time for it to file an objection. *See* Fed.R.Bankr.P. 9006(a)(1); *see McKenna v. United States Trustee (In re Remington Dev. Group, Inc.)*, 177 B.R. 755, 758 (D.R.I.1994). CFA neglected to ask for this relief, and the Court,. in its discretion, declines to grant that relief after the fact to the prejudice of the Debtor. *See Benjamin v. Aroostook Medical Ctr., Inc.*, 57 F.3d 101, 108 (1st Cir.1995).

■ Even if the Court were to adopt CFA's interpretation of Rule 13–8, the Court would nevertheless still be obliged to overrule the objection as untimely. As previously noted, the Chapter 13 Trustee convened the § 341 Meeting on April 14, 2000. Under CFA's interpretation of Rule 13–8, CFA would have until May 15, 2000 to file an objection.[5] However, Counsel to CFA neglects the subtle, yet dispositive distinction between the "filing" of pleadings and "service" of pleadings. CFA argues that since it mailed its objection to the Court on May 15, 2000, within the thirty (30) days after the § 341 Meeting, that the objection was timely. The Court rejects this argument first because it does not construe Rule 13–8 as permitting objections more than thirty (30) days after the date first set for the meeting of the creditors, but also because Rule 5 of the Federal Rules of Civil Procedure, as incorporated by Rule 7005(e) of the Federal Rules of Bankruptcy Procedure, clearly

---

**5.** The thirty (30) day period after April 14, 2000 actually lapsed on Sunday, May 14, 2000. Therefore the proper deadline for filing in this instance is the next business day, or Monday, May 15, 2000. Fed.R.Bankr.P. 9006(a); *see Leisure Dev., Inc., et al. v. Burns (In re Burns)*, 102 B.R. 750, 751–52 (9th Cir. BAP 1989).

states that filing of papers with the Court is not accomplished until those papers are "filed with the clerk of court." Fed. R.Bankr.P. 7005; Fed.R.Civ.P. 5(e); *see McIntosh*, 71 F.3d at 36–37. The mere mailing of pleadings, while sufficient to complete service of pleadings, Fed. R.Bankr.P. 7005; Fed.R.Civ.P. 5(b), is insufficient to affect filing. Thus, the filing of CFA's objection was not complete until the clerk of the Court received it on May 16, 2000, *see McIntosh*, 71 F.3d at 36–37, thirty-two (32) days after the § 341 Meeting was held, and was therefore untimely, even under CFA's erroneous interpretation of Rule 13–8.

■ Alternatively, CFA asserts it is entitled to file an objection to confirmation of the Debtor's Plan within thirty (30) days after the Debtor filed the modified plan. The Court finds this argument unpersuasive for two reasons. First, the date the Debtor filed the modified plan was the same date the Chapter 13 Trustee convened the § 341 Meeting. The Court has already found the CFA objection untimely when measured from the date of the § 341 Meeting, and the Court comes to the same conclusion with regard to a modification filed the same day. Second, the Local Rules require service of plan modifications only on the Chapter 13 Trustee and any party filing notice of appearance and requesting service of pleadings. MLBR Appendix 1, Rule 13–10(a). As a result, the Debtor was not obligated to serve the modification on either CFA or its counsel because neither filed such a notice or request until April 17, 2000. This simple fact, though, did not prevent CFA, or its counsel, from learning of the modification, first because the record reflects that CFA's principal attended the § 341 Meeting, and second because either CFA or its counsel could have reviewed the case files at the clerk's office anytime after April 14, 2000, the day the modification was filed. As such, the Court refuses to allow CFA to now use its own delay to its advantage.

### Conclusion

For the reasons set forth above, this Court holds that Rule 13–8(a) of Appendix 1 of the MLBR, as incorporated by MLBR 3015–1, requires that, in the absence of a Court order setting another time limit, a party objecting to confirmation of a Chapter 13 plan must file that objection with the Court within thirty (30) days after the date the § 341 meeting is first scheduled to be held, regardless of whether the meeting is held on that date or a later date, or within thirty (30) days after the debtor serves a modified plan on the Chapter 13 Trustee and his. creditors, whichever is later. As such, this Court finds the filing of CFA's objection to confirmation of the Plan untimely when measured by the occurrence of either event contemplated by Rule 13–8(a), and is therefore OVERRULED.

SO ORDERED.