**In re SB PROPERTIES, INC.**

Civ. A. No. 95–3586.
Bankruptcy No. 95–10539.

United States District Court,
E.D. Pennsylvania.

Aug. 8, 1995.

---

John J. Koresko, V, Norristown, PA, for debtor.

S.B. Properties, Inc., dba Scatton Bros. Properties, North Wales, PA, pro se.

Jeffrey G. Trauger, Grim, Biehn, Thatcher & Helf, Perkasie, PA, for creditor Mary Scatton.

Mary Scatton, Lansdale, PA, pro se.

Frederic J. Baker, Asst. U.S. Trustee, Philadelphia, PA.

*MEMORANDUM*

PADOVA, District Judge.

Appellant, SB Properties, Inc., seeks to set aside the dismissal of its bankruptcy appeal and seeks to file its designation of the record and statement of the issues on appeal *nunc pro tunc.* Appellee, Mary Scatton, Executrix of the Estate of John P. Scatton, opposes the motion and asserts that Appellant's procedurally flawed appeal should be dismissed because the Bankruptcy Court found that Appellant's Chapter 11 case was filed in bad faith. This Court has jurisdiction pursuant to 28 U.S.C.A. § 158(a) (West Supp.1995). For the following reasons, I will deny Appellant's motion.

I. *Background and Procedural History*

The record reveals the following material facts. In 1965, John P. Scatton and his siblings, Peter M. Scatton and Christina Scatton Masucci, formed Scatton Brothers Properties, a Pennsylvania general partnership ("Partnership"). Each sibling then held a one third interest in the Partnership. The Partnership subsequently purchased a manufacturing facility ("Property"), which was the Partnership's sole asset, and then leased the Property to Scatton Brothers Manufacturing Company, a Pennsylvania corporation owned or controlled by Masucci.

In 1989, following a dispute between the siblings, John Scatton commenced a state court equity action to dissolve the Partnership. On October 2, 1989, however, John Scatton died, and his wife, Mary, was named executrix of his estate and was substituted as the plaintiff in the pending state court action. After the trial court concluded that the Partnership could be dissolved, and that the Pennsylvania Uniform Partnership Act would govern the Partnership's liquidation, Peter Scatton and Masucci appealed. On November 21, 1991, the Superior Court of Pennsylvania affirmed. *See Scatton v. Scatton,* 417 Pa.Super. 661, 603 A.2d 1085 (Ct.1991) (table), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992). In August 1992, Peter Scatton died, and his one third Partnership interest was transferred to Masucci.

In October 1994, following the unsuccessful sale of the Property, the state court appointed an appraiser to determine the Property's fair market value and fair rental value. On January 19, 1995, however, before the court-appointed appraisal was completed, Masucci formed a debtor corporation, SB Properties, and as the owner of a majority interest in the Partnership, merged the newly created shell corporation and the Partnership. On January 20, 1995, one day after its creation, Appellant SB Properties, through its President, Masucci, filed a Chapter 11 case and invoked the automatic stay provision to stall the state court action.

Appellee subsequently sought relief from the automatic stay. On May 2, 1995, following a hearing on March 16, 1995, the Bankruptcy Court *sua sponte* [1] dismissed Appellant's case "for cause" under 11 U.S.C.A.

---

1. Although not expressly challenged by Appellant, I note that courts disagree whether a bankruptcy court has the authority to dismiss a Chapter 11 petition on its own motion. *Compare Pleasant Pointe Apartments v. Kentucky Housing Corp.,* 139 B.R. 828, 830–32 (W.D.Ky.1992) (bankruptcy court may dismiss chapter 11 filing for lack of good faith); *In re Daily Corp.,* 72 B.R. 489, 495 (Bankr.E.D.Pa.1987) (bankruptcy court has power to dismiss *sua sponte*); *Furness v. Lilienfield,* 35 B.R. 1006, 1010 (D.Md.1983) (same) *with Gusam Restaurant Corp. v. Speciner*

§ 1112(b), concluding that the Chapter 11 case was filed in bad faith. On May 10, 1995, Appellant filed its notice of appeal from the Bankruptcy Court's decision, and subsequently amended its notice to reflect Appellee's correct address. On June 14, 1995, this Court summarily dismissed the bankruptcy appeal because Appellant failed to timely designate the record and state the issues on appeal. On June 19, 1995, Appellant filed the instant motion to set aside the dismissal of its bankruptcy appeal and for leave to file its designation and statement of the issues on appeal *nunc pro tunc.*

## II. *Standard of Review*

 The district court may not set aside a bankruptcy court's factual findings unless they are clearly erroneous. *See Fellheimer, Eichen & Braverman v. Charter Technologies, Inc.,* 57 F.3d 1215, 1223 (3d Cir.1995). In addition, the reviewing court shall give "due regard" to the bankruptcy court's opportunity to judge the credibility of witnesses. *Id.* at 1223. Review of a bankruptcy court's legal determinations, however, is plenary. *Id.*

## III. *Discussion*

 Appellant concedes that it failed to comply with Bankruptcy Rule 8006, which provides that:

> *(In re Gusam Restaurant Corp.),* 737 F.2d 274, 276–77 (2d Cir.1984) (court lacks authority to dismiss *sua sponte*). *Cf. In re Moog,* 774 F.2d 1073, 1077 (11th Cir.1985) ("absent any evidence of a lack of good faith on the part of the petitioner, the bankruptcy court erred in dismissing the Chapter 11 petition *sua sponte*."). However, I need not reach the issue here because the record fairly supports the conclusion that Appellee alternatively sought to dismiss Appellant's bankruptcy case for cause under § 1112(b). In her written motion for relief from the automatic stay, Appellee expressly requested that the Bankruptcy Court dismiss Appellant's bankruptcy petition for cause under § 1112(b). *See* Appellee's Mem. of Law. (Bankr.Doc. No. 20) at 8. Moreover, at the hearing on the motion, Appellee orally moved for dismissal for cause asserting that Appellant's bankruptcy was filed in bad faith. *See* Tr. Bankr. Hearing, 3/16/95, at 10. Appellee's oral motion to dismiss, standing alone, was sufficient. *See A. Hansen, Inc. v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel),* 749 F.2d 146, 149 (2d Cir. 1984) (oral motion to dismiss is sufficient under § 1112(b)), *cert. denied,* 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985)).

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a) ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

*See* Fed.Bankr.R. 8006 (West Supp.1995). Although Appellant's failure to timely designate and state the issues on appeal is a non-jurisdictional, procedural defect, it may, nevertheless, constitute the basis for dismissal under Bankruptcy Rule 8001(a):

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

*See* Fed.Bankr.R. 8001(a) (West Supp.1995).

 Appellant correctly notes, however, that Bankruptcy Rule 8001(a) does not compel dismissal of a bankruptcy appeal as a sanction for non-compliance. Appellant asserts that dismissal of a bankruptcy appeal for failure to comply with a purely procedural rule is a harsh sanction to be imposed rarely.[2] I agree. "Not every failure to fol-

**2.** In *In the Matter of Bulic,* 997 F.2d 299, 303 (7th Cir.1993), the Court of Appeals for the Seventh Circuit thoughtfully examined three approaches various courts have taken when dealing with late or missing designations. First, without reference to any specific bankruptcy rule, a majority of courts, including the Court of Appeals for the Third Circuit, have simply looked for bad faith by the late filer or prejudice to the other party. *See id.* at 301 (citing *Moxley v. Comer (In re Comer),* 716 F.2d 168, 177 (3d Cir.1983)). Second, other courts have ruled on defective bankruptcy appeals under the authority of Bankruptcy Rule 8001(a), which allows the district court to dismiss an appeal for non-jurisdictional procedural lapses. *See id.* Although the district court enjoys broad discretion under Bankruptcy Rule 8001(a), courts that have dismissed appeals under this rule look for egregious behavior, prejudice, or bad faith. *See id.* at 302. Finally, other courts have relied on Bankruptcy Rule 9006(b), which is usually triggered after a party has moved for an enlargement of time to make a bankruptcy filing; but if a party makes the motion for an extension of time after the deadline has passed, the party must show that the failure

low a procedural rule mandates dismissal of the appeal." *In re Comer,* 716 F.2d at 177. However, a non-jurisdictional, procedural defect, when coupled with a finding of either prejudice to the appellee or bad faith on the part of the appellant, may serve as a proper basis to dismiss. *See id.*

Here, the record on appeal does not support a finding that Appellant acted in bad faith by failing to designate the record and state the issues on appeal. It is true that Appellant did not file the items required under Rule 8006 until roughly forty calendar days after filing its notice of appeal. However, delay, without more, is normally an insufficient reason to dismiss an appeal. *See id.* (although designation and statement filed four days later, no dismissal warranted absent evidence of bad faith or prejudice); *In re Haardt,* No. 90–7509, 1991 WL 101555 at *2–3 (E.D.Pa. June 7, 1991) (court unable to impute bad faith or prejudice where appellant filed designation fifteen days late, where appellant waited months before filing a formal motion for leave to designate out of time, and where appellant never filed an appellate brief as required under the bankruptcy rules); *Excelsior Truck Leasing Co. Inc. v. Bernat (In re Bernat),* 57 B.R. 1009, 1011 (E.D.Pa.1986) (declining to dismiss an appeal where the designation of record was filed approximately twenty days late without evidence of bad faith or prejudice). Moreover, Appellant promptly sought to correct its procedural lapse. *Compare In re Haardt,* 1991 WL 101555 at *3 (Appellant waited for months before filing motion to proceed out of time). Only two days after its appeal was

dismissed, Appellant filed its motion for leave to designate and state the issues out of time, and also attached the items described in Bankruptcy Rule 8006.

The inquiry, however, is not ended. Appellee asserts that Appellant's procedurally flawed bankruptcy appeal should not be resuscitated here because the Bankruptcy Court found that the underlying Chapter 11 case was filed in bad faith as a litigation tactic in a two person family feud. *See In the Matter of Bulic,* 997 F.2d at 303 (no abuse of discretion in dismissing procedurally defective bankruptcy appeal in part because court found that underlying litigation was filed as a litigation tactic only). Appellee asserts that permitting Appellant to pursue this appeal would extend a bad faith filing and prejudice Appellee's rights in the Property by further delaying the stalled state court proceedings. Appellant counters that because there is no good faith filing requirement, the Bankruptcy Court improperly dismissed the underlying Chapter 11 case. *See In re 1606 New Hampshire Avenue Associates,* 85 B.R. 298, 308 (Bankr.E.D.Pa.1988) (expressing doubt whether there is a good faith requirement for filing a Chapter 11 case).

 Thus, I must determine (1) whether this jurisdiction recognizes a bankruptcy court's legal authority to dismiss a Chapter 11 petition for cause under § 1112(b) because it was not filed in good faith; and (2) if so, whether the Bankruptcy Court here erred by finding as fact that Appellant's Chapter 11

to act was the result of "excusable neglect." *See id.* The Supreme Court recently elaborated on the excusable neglect standard, concluding that neglect includes omissions through carelessness and mistake. *See id.* (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). In considering whether neglect is "excusable," courts must examine all relevant circumstances, including:

the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* (quoting *Pioneer Investment Services,* —— U.S. at ——, 113 S.Ct. at 1500).

The *Bulic* court noted that there is no consensus from the body of case law on the approach a district court should employ in cases involving missing or late filings. *See id.* at 302. *Compare Resolution Trust Co. v. SPR Corp. (In re SPR Corp.),* 45 F.3d 70, 71–74 (4th Cir.1995) (holding that Rule 8001(a), rather than Rule 9006(b), provides the proper standard for analyzing untimely, non-jurisdictional filings in bankruptcy appeals). However, whether a district court relies on its inherent authority, Rule 8001, or Rule 9006, the standards, while certainly not identical, share common features, and a finding of either bad faith by Appellant or prejudice to Appellee, would be sufficient reason to dismiss a procedurally flawed bankruptcy appeal.

case was not filed in good faith. I will review the first question *de novo* because it involves a question of law. *See Fellheimer, Eichen & Braverman,* 57 F.3d at 1223. However, because the second issue involves the Bankruptcy Court's factual findings, I will review it for clear error. *See id.* at 1223. It is the appellant's burden to demonstrate why the Bankruptcy Court's findings of fact are clearly erroneous. *See Murphy Worldwide Transportation Services, Inc. v. Campbell,* No. 89–4369, 1990 WL 79224 at *2 (E.D.Pa. June 8, 1990).

A bankruptcy court may dismiss a Chapter 11 case for "cause" under § 1112(b), which provides that:

> (b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
>
> (2) inability to effectuate a plan;
>
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
>
> (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
>
> (7) inability to effectuate substantial consummation of a confirmed plan;
>
> (8) material default by the debtor with respect to a confirmed plan;
>
> (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
>
> (10) nonpayment of any fees or charges required under chapter 123 of title 28.

11 U.S.C.A. § 1112(b) (West 1993 & Supp. 1995).

■ The bankruptcy court may consider reasons, not enumerated in § 1112(b), that may justify dismissing a Chapter 11 case for "cause." *See Monsour Medical Center, Inc. v. Stein (In re Monsour Medical Center, Inc.),* 154 B.R. 201, 208 (Bankr.W.D.Pa.1993). *Cf. In re Marks,* 174 B.R. 37, 40 (E.D.Pa. 1994) (finding in Chapter 7 case that statute's use of the term "including" means that the enumerated "causes" are not exhaustive, and that a petition filed in bad faith may be dismissed). The underlying legislative history of § 1112(b) confirms that what may constitute "cause" is non-exhaustive. *See Carolin Corp. v. Miller,* 886 F.2d 693, 699 (4th Cir.1989) ("As the pertinent legislative history puts it, '[t]he list is not exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.' ").

Moreover, the overwhelming majority of courts considering the issue agree that an implicit good faith filing requirement exists under § 1112(b), and that a Chapter 11 case may be dismissed for cause if it was filed in bad faith.[3] Although the Court of Appeals for the Third Circuit has not directly addressed the issue, it has strongly suggested in dicta that good faith is a prerequisite to filing Chapter 11 cases. *See First Jersey National Bank v. Brown (In re Brown),* 951 F.2d 564, 572 (3d Cir.1991) ("we think that evidence, then existing, of bad faith was not strong enough to enable us to say that it was established as a matter of law."). *See also Lilley v. United States (In re Lilley),* 181

---

3. *See generally Trident Associates Limited Partnership v. Metropolitan Life Ins. Co. (In re Trident Associates Limited Partnership),* 52 F.3d 127, 130 (6th Cir.1995); *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir.1994); *Carolin Corp.,* 886 F.2d at 699–700; *Phoenix Piccadilly v. Life Insurance Co. of Virginia (In re Phoenix Piccadilly),* 849 F.2d 1393 (11th Cir.1988); *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1072 (5th Cir.1986).

B.R. 809, 811 (Bankr.E.D.Pa.1995) (acknowledging that *In re Brown* may recognize a good faith filing requirement in Chapter 11 cases); *In re Roxy Real Estate Co.*, 170 B.R. 571, 573 (Bankr.E.D.Pa.1993) (same).

Finally, significant policy considerations support a good faith requirement. The good faith filing requirement preserves the "jurisdictional integrity of the bankruptcy court by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with 'clean hands'" and prevents abuse of the bankruptcy process "by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes." *In re Little Creek Dev. Co.*, 779 F.2d at 1072.

■ Based on (1) the broad language and legislative history of § 1112(b), which specifically allows, and arguably invites, bankruptcy courts to consider factors beyond those enumerated in the statute and to use its equitable powers to achieve just results; (2) the Third Circuit's suggestion that there is a good faith filing requirement; (3) the overwhelming weight of authority from other jurisdictions finding a good faith filing requirement; and (4) the underlying policy considerations, I reject Appellant's blanket assertion that the Bankruptcy Court can never dismiss for cause a bankruptcy case filed in bad faith or weed out a purely abusive filing. A bankruptcy court need not stand idle, and indeed may be obligated to act, when a petitioner invokes its jurisdiction and process for improper purposes. *Cf. Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 585–86 (3d Cir.1985) (bankruptcy court did not abuse its discretion in assessing sanctions against party that invoked court's process for purpose of delay and not for reorganization purpose). Accordingly, I conclude that the Bankruptcy Court did not err in concluding as a matter of law that a Chapter 11 case can be dismissed for "cause" under § 1112(b) if filed in bad faith.

■ Whether bad faith actually exists in a particular case is a question of fact. Because the existence of bad faith turns on the totality of the circumstances, no single standard emerges. *Compare Carolin Corp.*, 886 F.2d at 700–01 (requiring both objective futility of any possible reorganization and subjective bad faith in filing to warrant dismissal for want of good faith in filing); *with In re Phoenix Piccadilly*, 849 F.2d at 1395 (bad faith dismissal warranted when either futility of any possible reorganization or bad faith present) *and In re Clinton Centrifuge, Inc.*, 72 B.R. 900, 905 (Bankr.E.D.Pa.1987) ("in evaluating a debtor's good faith, the court's only inquiry is to determine whether the debtor seeks to abuse the bankruptcy law by employing it for a purpose for which it was not intended. When a debtor is motivated by plausible, legitimate reorganization (or liquidation) purposes and not solely or predominantly by the mere desire to prevent foreclosure or hinder creditors, bad faith is not present in a Chapter 11 case").

Although in the context of a Chapter 10 case under the now defunct Bankruptcy Act, the Court of Appeals for the Third Circuit previously defined "good faith" in terms of a petitioner's motives, intent, and ability to reorganize, which I find instructive here:

> Good faith imports an honest intention on the part of the petitioner to effect a reorganization, together with a need for and possibility of effecting it, and, in determining whether a Chapter X proceeding was filed in good faith the Court is required only to ascertain whether it was reasonable to expect that a plan could be effectuated; that there was opportunity and need for reorganization; and that the petition was filed with honest intention of effecting it and not for the purpose of hindering and delaying creditors.

*In re Business Finance Corp.*, 451 F.2d 829, 834 (3d Cir.1971).

■ Clearly then, the issue of good faith involves both subjective and objective dimensions.[4] *See also Carolin Corp.*, 886

---

4. The objective futility inquiry focuses on whether "there is no going concern to preserve ... and ... no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'" *Carolin Corp.*, 886 F.2d at 701–02. The subjective bad faith inquiry concentrates on whether petition-

F.2d at 701–02. Courts have identified the following recurrent factors that circumstantially bear on whether subjective bad faith in filing and/or objective futility in legitimately reorganizing exists:

(1) the debtor has few or no unsecured creditors;

(2) there has been a previous bankruptcy petition by the debtor or a related entity;

(3) the prepetition conduct of the debtor has been improper;

(4) the petition effectively allows the debtor to evade court orders;

(5) there are few debts to non-moving creditors;

(6) the petition was filed on the eve of foreclosure;

(7) the foreclosed property is the sole or major asset of the debtor;

(8) the debtor has no ongoing business or employees;

(9) there is no possibility of reorganization;

(10) the debtor's income is not sufficient to operate;

(11) there was no pressure from non-moving creditors;

(12) reorganization essentially involves the resolution of a two-party dispute;

(13) a corporate debtor was formed and received title to its major assets immediately before the petition; and

(14) the debtor filed solely to create the automatic stay.[5]

*Mellon Bank v. Selig (In re Selig)*, Bankr. No. 5–92–01484, 1993 WL 764800 at *3 (Bankr.M.D.Pa. July 8, 1993). *See also In re Little Creek Dev. Co.*, 779 F.2d at 1072–73; *Pleasant Pointe Apartments*, 139 B.R. at 832; *Talarico v. Timberwolf Dev. Corp.*, No. 89–5030, 1990 WL 32816 at *2 (D.N.J.1990).

Here, the totality of circumstances support the Bankruptcy Court's factual findings that Appellant's Chapter 11 case was not filed in good faith. Appellant, a shell corporation created solely for the purpose of filing a bankruptcy petition, is a single asset debtor. Aside from some rental income, Appellant has no employees to protect, no on-going business to preserve, and no significant creditors other than a mortgage. The record here clearly shows no viable business entity in need of bankruptcy protection. "[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'etre*." *See In re Little Creek Dev. Co.*, 779 F.2d at 1073.

Moreover, Appellant has provided no reason to set aside the Bankruptcy Court's finding that the reorganization effort here involved no more than a thinly veiled litigation tactic in a two party family dispute. Appellant's single asset, the Property, was targeted for sale by order of the state court. Nevertheless, before the court appointed appraisal could be completed, Appellant filed its Chapter 11 case effectively derailing six years of state court litigation. The timing of Appellant's Chapter 11 filing fairly manifests an intent to delay or frustrate the state court's attempts to liquidate the Property.

er's "real motivation is 'to abuse the reorganization process' and 'to cause hardship or to delay creditors by resort to the Chapter 11 device.'" *Id.* at 702. Courts have recognized that there is considerable overlap between the objective and subjective components, and that, often times, sufficient proof of either component may suffice to prove both. *See id.* at 701. *See also In re Roxy Real Estate Co.*, 170 B.R. at 573 ("Good faith involves, to some extent, the motives of the debtor and so contains a subjective dimension. Obviously, though, there is an overlap to the objective and subjective components. The more objectively clear it is that a debtor cannot reorganize, it is concomitantly more difficult to conclude that the debtor's subjective belief in its ability to reorganize is in good faith.").

5. I realize that the "laundry-list" approach to determining the existence of bad faith has been criticized as too rigid and inflexible. *See In re Clinton Centrifuge*, 72 B.R. at 905; *In re Smith*, 77 B.R. 496, 500 (Bankr.E.D.Pa.1987). I agree that courts should guard against any impulse to overemphasize any one factor, to engage in mere "indicia-counting," or to "force particular facts into previously identified patterns." *See Carolin Corp.*, 886 F.2d at 701. I simply note that the totality of factors must be viewed, that no one factor can ever be deemed dispositive, and that any conceivable list of factors cannot be exhaustive. *See id.* (citations omitted).

Appellant's alleged financial distress involves no more than a long-standing family dispute over the value of the certain real property, which can, and should be, resolved in the pending state court action.

Appellant's alleged motivation to have its long-standing dispute decided by a more speedy bankruptcy forum is not a sufficient basis to prevent dismissal. *See In re Heritage Wood 'N Lakes Estates, Inc.,* 73 B.R. 511, 514 (Bankr.M.D.Fla.1987) (dismissing Chapter 11 case because court found "a certain amount of forum shopping has occurred," and that debtor "determined that it was not going to get the best side of the coin in the state court and looked to go elsewhere to have a new bite at the apple."); *In re Capistrano Associates,* 66 B.R. 421, 422 (Bankr.S.D.Fla.1986) (mere desire to have dispute settled in a speedy bankruptcy forum was insufficient to prevent lifting automatic stay and dismissing Chapter 11 case). To permit Appellant to invoke the Bankruptcy Court's jurisdiction and use the process for the sole purpose of reaping the benefits of a fast-moving forum, when the record discloses no real motive, intent or ability to reorganize, comes perilously close to placing this Court's imprimatur on Appellant's improper attempt to downright forum shop. *See In re Phoenix Piccadilly,* 849 F.2d at 1395 (distant venue chosen by debtor for Chapter 11 filing may itself be evidence of bad faith); *In re Monsour Medical Center, Inc.,* 154 B.R. at 209 (engaging in "blatant forum shopping" demonstrated bad faith).

Because I am satisfied with the Bankruptcy Court's assessment of the underlying Chapter 11 case, both as a matter of law and fact, Appellant's motion shall be denied.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of August, 1995, it is hereby ORDERED that:

1. Appellant SB Properties, Inc.'s Motion For Reconsideration Of Order To Dismiss Appeal And For Leave To Comply With Bankruptcy Rule 8006 *Nunc Pro Tunc* (Doc. No. 3) is DENIED.

2. This Case shall be marked CLOSED.