101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re FRENCH BOUREKAS INC., Debtor.
FRENCH BOUREKAS INC., Peter Cohen, Equity Security Holder,
Steven Cohen, Equity Security Holder, and Joseph
Cohen, Equity Security Holder,
Plaintiffs-Appellants,
Joseph Fischer, Creditor-Appellant,
v.
UNITED CAPITAL CORP. and William Turner, As Receiver,
Defendants-Appellees.
 No. 96-5013.
 United States Court of Appeals,
Second Circuit.
 July 5, 1996.
 
 Gerard Zwirn, Long Island City, NY, for Appellant French Bourekas Inc.
 Joseph Fischer, pro se, New York City, for Appellant Joseph Fischer.
 Peter Cohen, pro se, Spring Valley, NY, for Appellant Peter Cohen.
 Steven Cohen, pro se, Spring Valley, NY, for Appellant Steven Cohen.
 Joseph Cohen, pro se, Spring Valley, NY, for Appellant Joseph Cohen.
 Raymond T. Mellon, Zetlin & De Chiara, LLP, New York City, for Appellees.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and hereby is VACATED and REMANDED.
 
 
 1
 This cause came on to be heard on the transcript of record and was argued.
 
 
 2
 Plaintiffs-appellants French Bourekas Inc. ("Bourekas"), Steven Cohen, Peter Cohen, Joseph Cohen, and creditor-appellant Joseph Fischer (together, the "appellants"), appeal from an order of the United States District Court for the Southern District of New York (Brieant, J.) dismissing their bankruptcy appeal for failing to timely file a "Designation of the Contents of the Record on Appeal and Statement of the Issues to be Presented on Appeal" (the "designation"), pursuant to Fed.R.Bank.P. 8006.
 
 
 3
 On October 20, 1995, Bourekas filed a voluntary Chapter 11 bankruptcy petition in bankruptcy court. Shortly thereafter, defendants-appellees United Capital Corp. ("UCC") and William Turner, the receiver of the premises where Bourekas is located, (together, the "appellees"), filed a motion for an order lifting the automatic bankruptcy stay, dismissing Bourekas' bankruptcy petition with prejudice, and imposing sanctions against Bourekas. On October 30, 1995, the bankruptcy court, after conducting an evidentiary hearing, issued an oral decision from the bench granting the appellees' motion. The bankruptcy court also imposed sanctions against Bourekas for the bad faith filing of its bankruptcy petition. In addition, the bankruptcy court denied the motion of Bourekas for a stay pending appeal.
 
 
 4
 The bankruptcy court's oral decision was reduced to two written orders entered on October 31, 1995 (the "October 31st order") and on December 7, 1995 (the "December 7th order"). The October 31st order lifted the automatic bankruptcy stay imposed by the filing of the bankruptcy petition. The December 7th order dismissed the bankruptcy petition with prejudice, imposed sanctions in the amount of $5,000 against Bourekas, and denied its motion for a stay pending appeal.
 
 
 5
 On November 13, 1995, the appellants appealed the bankruptcy court's oral decision and the October 31st order. On November 30, 1995, the district court dismissed the appellants' appeal. The district court found that, pursuant to Rule 8006, the appellants failed to timely file the designation within 10 days of filing their notice of appeal.
 
 
 6
 On December 6, 1995, the appellants filed the required designation in bankruptcy court. One of the items included in the designation was the yet-to-be filed December 7th order. On December 11, 1995, Fischer filed a motion for rehearing and reconsideration of the district court's dismissal of the appellants' bankruptcy appeal. The district court, on January 5, 1995, denied the motion for lack of merit and want of standing. A notice of appeal to this court was subscribed by Steven Cohen, Peter Cohen, Joseph Cohen, and Fischer.
 
 
 7
 On appeal, the appellants argue that the district court erred in dismissing their bankruptcy appeal because, pursuant to Fed.R.Bankr.P. 8002, the deadline date for filing the designation should have been ten days following the filing of the December 7th order, instead of November 13, 1995--the date the appellants filed a notice of appeal.
 
 
 8
 Rule 8006 requires that an appellant file with the bankruptcy court a designation of the contents of the record on appeal and a statement of the issues presented on appeal within ten days of filing the notice of appeal. The time limit imposed by Rule 8006 is not jurisdictional, and can be extended by the district court. See In re SB Properties, Inc., 185 B.R. 198, 201 (E.D.Pa.1995). Rule 8002 provides, in relevant part, that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof."
 
 
 9
 In accordance with Rule 8002, it is arguable that the appellants' notice of appeal should have been treated as if it was filed on December 7, 1995--the date that the bankruptcy court's December 7th order was docketed. In such a situation, the ten-day period to file the designation would have expired on December 18, 1995, instead of November 23, 1995, and, therefore, the appellants' filing of the designation would have been timely.
 
 
 10
 In any event, we think that the genuine confusion that surrounded the time period in which the designation should have been filed required that the district court construe the appellants' motion for reconsideration as a motion brought pursuant to Fed.R.Bankr.P. 9006. Rule 9006(b)(1)(2) provides that "on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect." In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court held that the excusable neglect determination should take into account all relevant circumstances surrounding the party's neglect of a deadline including: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395; see, e.g., Kuntz v. Pardo, 160 B.R. 35, 39 (S.D.N.Y.1993) (applying Pioneer factors to determine whether failure to comply with Bankruptcy Rule 8006 constituted excusable neglect). The district court should apply these factors in this case.
 
 
 11
 In addition, we think that the district court erred in determining that the appellants lacked standing to appeal from the bankruptcy court's ruling. In order to have standing to appeal from a bankruptcy court ruling, "an appellant must be a person aggrieved--a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." International Trade Admin. v. Rensselaer Polytechnic Inst., 936 F.2d 744, 747 (2d Cir.1991) (citation and internal quotation marks omitted). In addition, 11 U.S.C. § 1109(b) provides that:
 
 
 12
 A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.
 
 
 13
 In the present case, each appellant was a party in interest. Steven Cohen, Peter Cohen, and Joseph Cohen were equity security holders of Bourekas, while Joseph Fischer was a Bourekas creditor. Therefore, each appellant was adversely affected pecuniarily by the bankruptcy court's dismissal of Bourekas' petition and have standing to appeal.
 
 
 14
 In accordance with the foregoing, we vacate the order of the district court and remand with instructions that the district court consider whether the appellants' failure to file the designation was a result of excusable neglect.