In re COLOMBIAN COFFEE CO.,
INC., Debtor.

Lawrence R. METSCH, as trustee for
the estate of Colombian Coffee Co.,
Inc., Plaintiff,

v.

C. ITOH & CO. (AMERICA),
INC., Defendant.

Bankruptcy No. 83–00904–BKC–TCB.
Adv. No. 86–0610–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 5, 1987.

See also, Bkrtcy., 62 B.R. 542.

Hauser and Metsch, P.A., Lydia A. Fernandez, Miami, Fla., for plaintiff.

John W. Kozyak, Kozyak Tropin & Throckmorton, Miami, Fla., William C. Viets, Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant C. Itoh.

Ronald G. Neiwirth, Sherman & Fischman, Miami, Fla., Thomas M. Slahta, New York City, for third-party defendant Paul C. Nordberg.

## ORDER DISMISSING APPEAL

THOMAS C. BRITTON, Chief Judge.

The motion (C.P. No. 40) of the defendant/appellee to dismiss this appeal on account of the failure of the plaintiff/appellant to comply with the requirements of B.R. 8006 was heard on December 29. The motion is granted and this appeal is dismissed.

The motion is heard by this court pursuant to Local Rule 27A of the District Court.

Bankruptcy Rule 8006 requires that appellant file and serve a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 10 days after filing the notice of appeal. The tenth day was December 4, 1986. Appellant did not comply. Appellee's motion to dismiss was filed December 11. On December 12 appellant filed a response (C.P. Nos. 41 and 42) to the appellee's motion, the designations to the clerk and statement of the issue, and requested under B.R. 9006(b)(1) a retroactive enlargement of the time specified in B.R. 8006.

Bankruptcy Rule 9006(b)(1) permits enlargement of time "where the failure to act was the result of *excusable neglect.*" The excuse offered by appellant is that four months before this appeal was filed, appellant had appealed an adverse final decision in a previous adversary proceeding filed by him against this same defendant relating to the same transaction involved in the instant adversary proceeding and appeal. When

the instant appeal was filed, appellant sought leave from the District Court to dismiss the earlier appeal taken in the earlier adversary proceeding. Appellant states:

"As a result of the filing of the Motion for Leave to Dismiss the appeal in the foregoing adversary, some confusion arose due to the similarity in styles, as to the deadlines to be met to perfect the second appeal."

The Clerk of the Bankruptcy Court is required under Local Rule 27F to mail a copy of the Local Rule to each party and it is the practice of this Clerk to also enclose a reminder of the deadlines specified in B.R. 8006. He did both in this instance. There was and is no reason for confusion as to the deadlines to be met to perfect the instant appeal.

In *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), the court adopted the following definition of excusable neglect:

"Courts have interpreted 'excusable neglect' under Rule 9006(b) and its identically worded predecessor, Rule 906(b), as requiring the movant to show that 'the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform'. [cases cited]".

Appellant does not suggest that his failure to timely perform the duty imposed upon him was due to any circumstance beyond his reasonable control.

Appellant has argued that appellee "will not be prejudiced by an eight-day delay". The Court in *South Atlantic, Id.* at 819, rejected a similar argument in that case:

"It is clear from this language that the focus of these rules is on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the other parties' positions."

This court is mindful of its delicate position, as the court whose ruling is under appeal, in dismissing an appeal. However, appellee has appropriately sought enforcement of the applicable rules. Appellant has not shown excusable neglect and appellee is entitled to dismissal. Appellant's request for enlargement of time is denied and the appeal is dismissed.