In re Lucille Anne
**CHAMPION, Appellant.**

No. 89–1860.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 22, 1989.
Decided Feb. 6, 1990.

Lucille Anne Champion, pro se.

No Appearances for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

## PER CURIAM.

Lucille Anne Champion appeals pro se from orders entered in the District Court [1] for the District of Nebraska denying her request for a temporary restraining order, dismissing her bankruptcy appeal, and denying her motion to vacate the dismissal of her bankruptcy appeal. For reversal Champion argues that she is the victim of fraud and attorney malpractice and challenges the jurisdiction of the bankruptcy and district courts. For the reasons discussed below, we dismiss for lack of appellate jurisdiction the part of the appeal challenging the orders denying the request for a temporary restraining order and dismissing the bankruptcy appeal. We do have jurisdiction over the order denying the motion to vacate the dismissal of the bankruptcy appeal and summarily affirm that order. Champion's requests for an expedited hearing, for a stay pending appeal and for other relief, including permission to sell a building that is part of the bankruptcy estate and removal of the receiver, are dismissed as moot.

Following bankruptcy proceedings, Champion filed a notice of appeal and a motion for a temporary restraining order in the district court. On February 21, 1989, the district court denied the motion for a temporary restraining order. On March 23, 1989, the district court dismissed the bankruptcy appeal because Champion failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Bankruptcy Rule 8006.

On April 11, 1989, Champion filed a motion to vacate the dismissal of the bankruptcy appeal, arguing that she had "ten days to make attachments." Champion submitted various items which she believed were the correct attachments under Bankruptcy Rule 8006, including copies of her previously filed motion for a temporary restraining order, a district court order appointing a receiver in the bankruptcy case, a description of the real estate that is part

of the bankruptcy estate, items of correspondence from opposing counsel, canceled checks, an appraisal of real estate in the bankruptcy case, her pro se motion for new trial, a private investigator's report, stipulations entered prior to trial in the bankruptcy court, correspondence from a collection agency, a report from a roofer concerning needed repairs to a building in the bankruptcy estate, and a description of title insurance issued on property that is part of the bankruptcy estate. On April 24, 1989, the district court found that Champion's various attachments were not the items required by Bankruptcy Rule 8006 and denied the motion to vacate.

On May 9, 1989, Champion filed a notice of appeal from the denial of the temporary restraining order, the dismissal of the bankruptcy appeal, and the denial of the motion to vacate the dismissal of the bankruptcy appeal.

■ We do not have appellate jurisdiction over the order denying the motion for a temporary restraining order. Such orders are ordinarily not appealable. *See, e.g., Educata Corp. v. Scientific Computers, Inc.,* 746 F.2d 429, 430 (8th Cir.1984) (per curiam).

■ Nor do we have appellate jurisdiction over the order dismissing the bankruptcy appeal. The May 9, 1989, notice of appeal was not timely filed within 30 days of the March 23, 1989, dismissal order. *See* Fed.R.App.P. 4(a)(1). We have treated the motion to vacate as one made under Fed.R.Civ.P. 59(e). *See Foman v. Davis,* 371 U.S. 178, 179, 83 S.Ct. 227, 228–29, 9 L.Ed.2d 222 (1962). Because the motion to vacate was not served until April 11, 1989, more than 10 days after the March 23, 1989, dismissal order was filed, the motion to vacate did not toll the running of the 30–day period for filing the notice of appeal. Fed.R.App.P. 4(a)(4).

■ We do have appellate jurisdiction over the order denying the motion to vacate because the May 9, 1989, notice of appeal was timely filed within 30 days of the April 24, 1989, order. However, our standard of review is limited to abuse of

discretion. In the present case, the district court dismissed the appeal because Champion failed to file either a designation of the record or a statement of issues as required by Bankruptcy Rule 8006. She did not file the missing items with the motion to vacate and has yet to do so. We hold the district court did not abuse its discretion in denying the motion to vacate the dismissal under these circumstances.

Accordingly, we dismiss for lack of appellate jurisdiction the part of the appeal challenging the orders denying the request for a temporary restraining order and dismissing the bankruptcy appeal and summarily affirm the order denying the motion to vacate the dismissal. The requests for an expedited hearing, for a stay pending appeal and for other relief, including permission to sell a building that is part of the bankruptcy estate and removal of the receiver, are dismissed as moot.

Champion's motion for stay pending appeal filed January 25, 1990, has been considered by the court and is denied.