124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
INDEPENDENCE ONE MORTGAGE CORPORATION, Plaintiff-Appellee,
v.
Loretta MOORE, Defendant-Appellant.
 No. 96-3720.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Decided Aug. 12, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division No. 93-C-299 Brian Barnett Duff, Judge.
 POSNER, Chief Judge, EASTERBROOK and MANION, Circuit Judge.
 
 ORDER
 
 1
 In early 1992, Loretta Moore bought a house with a mortgage from Independence One Mortgage Corporation. Six months later, Moore fell behind on her payments, and Independence One filed a foreclosure action. Early in 1993, Moore filed for bankruptcy under Chapter 13 of the Bankruptcy Code.[1] As a result, the foreclosure action was automatically stayed. Two years later, Independence One moved to modify the stay and reinstate the foreclosure action, on grounds that Moore had again fallen behind on her payments. The Bankruptcy Court lifted the stay with respect to Independence One. Moore, who was represented by counsel, neither appealed the decision of the Bankruptcy Court, nor moved to vacate the lifting of the stay. Independence One then asked the district court to reinstate the foreclosure action. The court referred the matter to a magistrate judge, who reinstated the foreclosure action and recommended granting foreclosure. The district court accepted the report and recommendation, over Moore's strenuous objections, and granted summary judgment to Independence One. We affirm.
 
 
 2
 Moore first argues that the Bankruptcy Court should not have lifted the automatic stay, because she never fell behind on her post-petition mortgage payments. She also maintains that the dispute over whether, and how much, she was in arrears should have precluded summary judgment. But this is an appeal from a judgment of foreclosure, not from bankruptcy. The Bankruptcy Court examined Independence One's record of Moore's payments after she was declared bankrupt; took into account additional payments Moore claimed to have made which Independence One never recorded; and concluded that even allowing for the additional payments, Moore was still materially in default. Because the same parties litigated this matter fully before the Bankruptcy Court, whose decision Moore never appealed or moved to vacate, Moore is collaterally estopped from re-litigating the issue in the instant case. See Meyer v. Rigdon, 36 F.3d 1375, 1378-79 (7th Cir.1994); Matter of Bulic, 997 F.2d 299, 303 (7th Cir.1993) (citing Grogan v. Garner, 498 U.S. 279, 284 n. 1 (1991)). In addition, Moore stated on the record that she "knew in her heart" that she had missed two months' payments, and conceded that she did not make further payments after the bankruptcy stay was lifted. She also conceded the original default by agreeing to make arrearage payments through the bankruptcy proceeding. Consequently, there can be no material dispute that Moore is in arrears on her mortgage payments, and therefore in default on the loan. Because the mortgage contract permitted foreclosure under such circumstances, the grant of summary judgment to Independence One on the foreclosure action was proper.
 
 
 3
 Moore devotes much of her appellate brief to complaining about the behavior of her attorneys, both court-appointed and retained, effectively accusing them of malpractice. An appeal from a judgment of foreclosure, however, is not an appropriate vehicle for a malpractice suit. And even if Moore should have a cause of action against her former attorneys, it would not entitle her to avoid summary judgment in the case at bar. Compare Kratville v. Runyon, 90 F.3d 195, 197 n. 1 (7th Cir.1996).
 
 
 4
 Finally, Moore argues that the original mortgage loan was unconscionable, insisting that Independence One should have known that a single woman in her early fifties, earning between $30,000-40,000 per year, could not pay off a thirty-year fixed mortgage for $70,000. Moore waived this argument by failing to raise it before the district court. And even if she had not, it lacks merit. Independence One correctly notes that under the circumstances of this case, it would be more likely to run afoul of the law by rejecting a mortgage application on account of the mortgagor's age and gender than by granting it.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Chapter 13 stays a foreclosure action. The mortgagor/debtor, however, must not only maintain her mortgage payments, but also pay off her arrearages over the life of the bankruptcy plan. If the debtor does not adhere to her plan, and falls behind on either the arrearage payments or the post-petition mortgage payments, the mortgagee may ask that the stay be modified, and reinstitute the foreclosure action. Once the mortgagee institutes an action to modify the stay, it ceases to accept mortgage payments from the debtor