**In re ADVANCE CELLULAR SYSTEMS, INC., Advance Paging Systems Corp., Debtors.**

**The Puerto Rico Telephone Company; Celulares Telefonica de P.R., Inc., Appellants,**

v.

**Advance Cellular Systems, Inc., Appellee.**

No. Civ. 00–2172(JAF).
Bankruptcy Nos. 98–07437 ESL, 98–07438 ESL.

United States District Court, D. Puerto Rico.

March 30, 2001.

Fernando Van–Derdys, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for appellants.

Carmen D. Conde–Torres, Hato Rey, PR, for appellees.

## OPINION AND ORDER

FUSTE, District Judge.

Appellants, Puerto Rico Telephone Company ("PRTC") and Celulares Telefónica de Puerto Rico, Inc. ("Celulares Telefónica"), appeal a decision of the bankruptcy court in a proceeding involving Appellee, Advanced Cellular Systems, Inc. ("Advanced Cellular"), pursuant to 28 U.S.C. § 158(a) (1988). Both sides have submitted briefs and supplementary documentation in support of their respective positions.

## I.

### Procedural Background

On October 14, 1997, Appellee Advanced Cellular filed a suit in federal district court against Appellants PRTC and Celulares Telefónica for, inter alia, alleged discriminatory pricing and violations of federal and state antitrust law. Appellant PRTC subsequently filed a counterclaim against Appellee Advanced Cellular on December 1, 1997, for collection of monies allegedly owed.

On May 29, 1998, Appellee Advanced Cellular and its affiliate, Advanced Paging Systems Corporation, filed a petition pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–74 (1988). Appellants assert that pursuant to 11 U.S.C. § 362(a) (1988), the civil action was stayed upon the commencement of the bankruptcy proceedings.

On June 3, 1998, Appellee Advanced Cellular removed the district court action to the bankruptcy court as an adversarial proceeding pursuant to FED.R.BANKR.P. 7001(10) and FED.R.BANKR.P. 9027(a)(2)(B). Approximately two weeks later, Appellee Advanced Cellular moved, pursuant to FED.R.BANKR.P. 9027(e)(3), to have the bankruptcy court classify the proceedings as core. The bankruptcy court denied the motion on or about July 6, 1998.

On July 9, 1998, Appellants moved to remand the bankruptcy proceeding back to the district court. The bankruptcy court granted the motion and remanded the proceedings back to the federal district court on November 11, 1998. On November 25, 1998, Appellee Advanced Cellular appealed the remand. On March 29, 2000, the federal district court affirmed the bankruptcy court's order remanding the proceeding to the district court and dismissed Appellee Advanced Cellular's appeal.

Before the remand to the district court, on September 16, 1998, Appellants filed with the bankruptcy court a Proof of Claim in the amount of $1,655,391.96. This amount equals the total claimed by Appellants in their December 1, 1997 counterclaim for collection of monies. On December 23, 1998, Appellee Advanced Cellular filed an objection to the Proof of Claim on the ground that PRTC allegedly had failed to provide sufficient evidence to support its claim.

After extensive discovery by the parties, the bankruptcy court held on June 1, 2000, that it would continue to adjudicate the Proof of Claim filed by Appellants, and, consequently, the counterclaim was stayed at the district court pursuant to 11 U.S.C. § 362.

On July 6, 2000, Appellants filed a Notice of Appeal of the bankruptcy court's June 1, 2000 decision on the ground that the decision is inconsistent with the district court's March 29, 2000 Opinion and Order. Appellants seek to enjoin the bankruptcy court from proceeding further with the Proof of Claim adjudication, and they also seek to consolidate the entire bankruptcy proceeding at the district court.

Appellee Advanced Cellular opposes Appellants' motion, arguing that: (1) the appeal should be dismissed for Appellants' failure to file a timely designation of items to be included in the record on appeal; (2) the bankruptcy court properly determined that the Proof of Claim constituted a core proceeding; and (3) the bankruptcy court's June 1, 2000 judgement is not inconsistent with the district court's March 29, 2000 Opinion and Order.

Appellants purportedly have not filed a motion with the bankruptcy court requesting a stay of the proceedings pending appeal, and, thus, the proceedings there have progressed.

## II.

### *Standard of Appellate Review*

As the intermediate appellate tribunal, we review the bankruptcy court's factual findings for clear error. FED. R.BANKR.P. 8013.[1] A finding of fact is clearly erroneous when, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (citation omitted). However, two or more permissible views of the evidence preclude a finding of clear error, even if we disagree with the factfinder's choice between them and even if the factual findings evolve entirely from documentary evidence rather than live testimony. *See Anderson*, 470 U.S. at 573, 105 S.Ct. 1504 (citations omitted); *In re Healthco Int'l, Inc.*, 132 F.3d 104, 108 (1st Cir.1997) (citations omitted). We decide the applicable issues of law de novo. *In re Healthco*, 132 F.3d at 108.

## III.

### *Discretion to Dismiss Pursuant to FED.R.BANKR.P. 8001(a)*

Appellee Advanced Cellular contends that PRTC's and Celulares Telefónica's appeal of July 6, 2000, should be dismissed because Appellants failed to comply with FED.R.BANKR.P. 8006[2] by filing their desig-

---

1. Rule 8013 provides, in relevant part: "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED.R.BANKR.P. 8013.

2. Rule 8006 provides, in pertinent part:

nation of items to be included in the record on appeal forty days after the prescribed deadline. *Docket Document No. 5, Ex. 8.* Appellee Advanced Cellular also asserts that Appellants did not serve them with a copy of the designation of items until three days after Appellants had filed the designation. *Id.* Appellee Advanced Cellular maintains that these failures by Appellants to perfect their appeal represent two of several procedural maneuvers intended to delay the bankruptcy proceedings. *Id.* Consequently, Appellee Advanced Cellular requests that we dismiss the present appeal. *Id.*

Appellants oppose Appellee Advanced Cellular's motion to dismiss. *Docket Document No. 3, Ex. 259.* Appellants asseverate that they harbored no bad faith, the delay in filing the designation of items and statement of the issues on appeal was due to inadvertence, and that Appellee Advanced Cellular suffered no appreciable harm as a result of the late filing. *Id.* Thus, Appellants submit that the dismissal of their appeal would not serve the interests of justice since the issues on appeal purportedly implicate the integrity of the federal district court. *Id.*

The Federal Rules of Bankruptcy Procedure require that within ten days of the filing of the Notice of Appeal, an appellant should "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." FED.R.BANKR.P. 8006. Rule 8006 also re-quires that the appellant provide the clerk with copies of the designated items, including any transcripts, and "take any other action necessary to enable the clerk to assemble and transmit the record." *Id.*

The nature of a bankruptcy proceeding motivates the reason for having a short time frame for filing the designations of items and statement of issues on appeal. *Cf.* DANIEL R. COWANS, BANKRUPTCY LAW AND PRACTICE § 18.4 (7th ed.1998) (distinguishing the abbreviated ten-day period under FED.R.BANKR.P. 8002 from the customary thirty-day limit for other federal matters). In a bankruptcy, the court has an obligation to protect the interests of the potentially many, interested parties by distributing as quickly as possible what often are economically fragile assets. *Id.* Moreover, the designation of items ensures that the reviewing court has an adequate basis for evaluating the appellant's claims on appeal, and the statement of issues narrows the focus of the reviewing court's inquiry. *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir.2000) (citation omitted).

If an appellant fails to adhere strictly to the guidelines for filing an appeal from a decision of the bankruptcy court, Rule 8001(a) authorizes the reviewing court to take any measures that it deems appropriate, including dismissal:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the

---

Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the ap-pellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record.
FED.R.BANKR.P. 8006.

appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

FED.R.BANKR.P. 8001(a). Courts have interpreted this language to mean that only a failure to file a timely Notice of Appeal is a jurisdictional defect mandating dismissal of the appeal. *See, e.g., In re CPDC,* 221 F.3d at 698–99 (citation omitted). In any case, dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, is a harsh and drastic sanction. *In re Serra Builders, Inc.,* 970 F.2d 1309, 1311 (4th Cir.1992) (citation omitted); *see In re CPDC,* 221 F.3d at 699 (citation omitted).

Although the First Circuit has yet to address how a reviewing court should exercise its discretion pursuant to FED. R.BANKR.P. 8001(a), other circuits have considered the issue. The Fourth Circuit requires that a tribunal apply Rule 8001(a) for a Rule 8006 violation and consider whether: (1) the appellant harbored bad faith or negligence; (2) the appellant had notice and an opportunity to explain the delay; (3) the delay prejudiced the other parties; and (4) the appropriateness of a sanction. *In re SPR Corp.,* 45 F.3d 70, 72 (4th Cir.1995) (citing *In re Serra Builders,* 970 F.2d at 1311).

Although declining to establish a definitive list of factors for a court to ponder in the exercise of its discretion pursuant to Rule 8001, the Fifth Circuit has identified several considerations for same: (1) the harmlessness of some infractions of bankruptcy procedural rules; (2) the second order effects on clients from the dismissal of an appeal because of an attorney's mistake; and (3) the promotion of swift and efficient resolution of bankruptcy disputes. *In re CPDC,* 221 F.3d at 699–700.

Applying the excusable neglect standard of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Seventh Circuit considers:

> [t]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*In re Bulic,* 997 F.2d 299, 302 (7th Cir. 1993) (quoting *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489).

The Ninth Circuit considers many of the factors already listed: (1) bad faith; (2) the appropriateness of dismissal compared to other sanctions; (3) the relative fault of the attorney versus the client; and (4) prejudice to parties other than the appellants. *See In re Fitzsimmons,* 920 F.2d 1468, 1471–75 (9th Cir.1990). The Ninth Circuit, however, permits dismissal upon a finding of bad faith alone so as to discourage intentionally dilatory tactics by unethical attorneys. *Id.* at 1474.

In sum, a district court applying Rule 8001(a) for violations of Rule 8006 should consider: (1) whether the appellant was negligent or acted in bad faith; (2) what prejudice, if any, the other interested parties of the bankruptcy proceeding as well as the proceedings themselves incurred as a result of the appellant's failure to perfect the appeal; (3) the strength of the appellant's explanation for the delay; and (4) the appropriateness of a sanction as measured by the objectives of the relevant Federal Rules of Bankruptcy Procedure. As a general matter, however, a district court need not weigh the impact to a client of a sanction imposed in response to the act or omission of the client's attorney. *See Pioneer,* 507 U.S. at 396–97, 113 S.Ct. 1489 ("[C]lients must be held ac-

countable for the acts and omissions of their attorneys.").

▮ In the present case, there is no doubt that Appellants acted negligently. They filed the Notice of Appeal on July 6, 2000, and the designation of items and statement of issues on August 29, 2000, more than forty days after the filing deadline provided in Rule 8006. Since the bankruptcy rules clearly set forth the filing requirements, *In re Colo. Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984), we find it inexcusable that Appellants filed the designation of items and statement of issues, and served Appellee Advanced Cellular with the same, over a month late, particularly given the renown of the law firm representing Appellants. Moreover, Appellants admit that they only filed when they did because an officer of the Bankruptcy Court alerted them to their error.[3] *See Docket Document No. 3, Ex. 259.*

Additionally, we find that Appellants' conduct prejudiced Appellee Advanced Cellular and the efficient administration of justice. From July 6 to August 29, 2000, Appellee Advanced Cellular had no notice of the issues which it would be required to argue on appeal. Thus, while Appellants enjoyed the luxury of over a month of time to develop and refine their arguments, Appellee Advanced Cellular languished under a veil of ignorance imposed by Appellants. It would be an Athenaean task to conceive of a greater prejudice to a party responding to an appeal than to deny it notice of the issues arising in the proceeding. Furthermore, Appellants' belated filings slowed the adjudication of matters before the court. *Cf. In re Scheri*, 51 F.3d 71, 75 (7th Cir.1995) ("[A] dilatory litigant ...

threatens progress not only in the resolution of the case before the court but also in the many other matters that await the time and attention of the district court.").

Third, we find Appellants' explanation for the belated filings, i.e., inadvertence, to be wholly lacking. A counsel's inadvertent failure to honor filing requirements in a federal judicial proceeding is generally censurable. *See, e.g., Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997) ("[A]ttorneys are always well-advised to comply with the filing deadlines ... for legal professionals are expected 'to exercise vigilance and caution in the performance of [their] responsibilities.' "); *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 77 (2d Cir.1978). In the bankruptcy context, the heightened urgency of the proceedings makes the failure to adhere to filing deadlines even more deplorable. *Cf.* DANIEL R. COWANS, BANKRUPTCY LAW AND PRACTICE § 18.4.

Finally, although the dismissal of the appeal is a severe sanction, it is appropriate under these circumstances. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (affirming dismissal of appeal where appellant did not offer explanation for non-compliance with filing deadlines); *In re Serra Builders*, 970 F.2d at 1311 (affirming dismissal where appellant (1) filed designation of items fifteen days late; (2) offered excuse that its attorney was out of the country; and (3) did not request an extension of time to file designation before deadline elapsed); *see also In re Champion*, 895 F.2d 490, 492 (8th Cir.1990) (per curiam) (affirming dismissal where appellant failed to file designation of the record or a statement of the issues); *cf. In re*

---

**3.** Although the incompleteness of the record does not permit us to consider properly whether Appellants' Rule 8006 violations were in bad faith, the record does indicate a pattern of intentional dilatory tactics by Ap-

pellants which, if substantiated, would constitute bad faith. *See Docket Document No. 3, Ex. 204; In re Fitzsimmons*, 920 F.2d at 1472–75.

*Bulic,* 997 F.2d at 302–03 (affirming dismissal where: (1) appellant filed designation of items and statement of issues on appeal a few days late; (2) appellant's counsel failed to read or follow the current Federal Rules of Bankruptcy Procedure; and (3) appellant exhibited bad faith).

Furthermore, dismissal is proper in this case "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

## IV.

### *Conclusion*

In accordance with the foregoing, we **DISMISS** Appellants' appeal.

**IT IS SO ORDERED.**