**In re: William S. WIGODA, Debtor.**

**Appeal of: Horvath & Wigoda and John F. Horvath.**

No. 00–3679.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 2001.

Decided May 25, 2001.

Before COFFEY, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

In 1992, William Wigoda filed a Chapter 7 bankruptcy petition. While the bankruptcy case was proceeding, appellants (John F. Horvath, individually, and the dissolved partnership of Horvath & Wigoda, to whom we refer collectively as "Horvath") filed an adversary proceeding against Wigoda. In 1994, these proceedings led to a non-dischargeable default judgment of over $420,000. Horvath

hoped to include this claim in the list of claims among which Wigoda's assets would ultimately be distributed. However, it failed to file a proof of claim before the bar date passed. Arguing that it had not received proper notice of the bar date, it made a motion in the bankruptcy court to allow the late claim. The court denied that motion in an order entered on June 4, 1999.

The order was received in the office of appellants' counsel, Rosemarie Guadnolo, on June 7 or 8. Guadnolo was out of the office, however, and did not see the order until June 11. Although Fed. R. Bankr.P. 8002(a) requires a notice of appeal to be filed within 10 days of the entry of the judgment to be appealed, Guadnolo mistakenly relied on the three-day mailbox rule in Fed. R. Bankr.P. 9006(f), which would have meant that she had until June 17 to file her appeal. In fact, Rule 8002(a) required any appeal to be filed by June 14. Guadnolo actually filed the appeal on June 16, two days late. When the bankruptcy trustee informed her that the three-day extension did not apply in this case, Guadnolo promptly made a timely motion before the bankruptcy court to extend the time within which to appeal. The bankruptcy court found that Guadnolo had not demonstrated "excusable neglect" for missing the original deadline and denied the motion. The district court affirmed the denial and she now appeals to this court.

■ As an initial matter, the law is clear that the rules required Guadnolo to file within 10 days, not 13. The three-day extension in Rule 9006(f) applies only when a time period begins running from the date of service of an order or judgment. The 10–day period in Rule 8002(a) for appealing an order of the bankruptcy court is not such a period; it begins to run from the time of entry of the judgment, *not* service. See *In re Arbuckle*, 988 F.2d 29, 31 (5th Cir.1993).

■ Guadnolo conceded, both in her briefs and at oral argument, that she did, indeed, make a mistake. Her only argument to save the appeal is that the bankruptcy court erred in denying her request for an extension of time to file the appeal. Fed. R. Bankr.P. 8002(c) gives a bankruptcy court the discretion to extend the time for filing a notice of appeal if the movant requests an extension within 30 days of entry of the order and the movant demonstrates "excusable neglect." Both the bankruptcy court and the district court found that Guadnolo did not make this showing. We review such a conclusion only for abuse of discretion. See *In re Singson*, 41 F.3d 316, 320 (7th Cir.1994).

Guadnolo offers several reasons why she did not find out about the order until June 11. But those reasons are of little moment, since even if she did not see the order until June 11, she surely could have filed the notice of appeal or even a simple request for an extension within the next three days. She filed late because she misunderstood the bankruptcy rules and miscalculated the deadline. Although we acknowledge that rules of procedure are sometimes confusing, we have held, time and time again, that it is not an abuse of discretion for a bankruptcy court to find no excusable neglect where the only excuse the movant offers is that she misunderstood or misapplied the rules. In *Pioneer Ins. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the leading case on "excusable neglect" in bankruptcy law, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Later, we squarely held that "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996), quoting *In re Cos-*

*mopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.1985). See also *In re Bulic*, 997 F.2d 299, 302–03 (7th Cir.1993) (reliance on old version of deadline did not constitute excusable neglect).

Given the admirable frankness with which Guadnolo admitted her error, the promptness of her efforts to correct it, the apparent lack of prejudice to the other party, and the breadth of the bankruptcy court's discretion, it is possible that a ruling in Guadnolo's favor might also have been sustainable. But on the deferential abuse of discretion review, we have no trouble concluding that a reasonable person could find that her neglect was not "excusable." That is enough to require us to hold that the bankruptcy court did not abuse its discretion in denying Guadnolo's motion for an extension of time in which to file an appeal. We therefore AFFIRM the judgment of the district court.