ORDER
Local Union No. 710, International Brotherhood of Teamsters, along with numerous other creditors, filed a proof of claim against the assets of ANR-Advance Transportation, an involuntary petitioner under Chapter 7 of the Bankruptcy Code. Michael Papa, Sr., was an employee of ANR-Advance Transportation and a dues-paying member of Local Union No. 710. Having received notice of a motion filed by the Trustee for ANR-Advance to compromise and settle certain adversary proceedings, Papa attended the motion hearing. According to Papa, he wanted to object to the motion, but the bankruptcy judge would not allow him to speak. The docket sheet for the bankruptcy includes no entry to show that either Local Union No. 710 or Papa himself ever filed any response to the motion.
The bankruptcy court granted the motion to compromise, and Papa appealed to the United States District Court for the Eastern District of Wisconsin. But Papa did not file a brief within 15 days of the notice of appeal, see Fed. R. Bankr.P. 8009(a), nor did he designate the record on appeal, see Fed. R. Bankr.P. 8006. Accordingly, the district court issued a conditional dismissal order with an order to *185 show cause inviting Papa to explain why he did not file a brief on time. Instead of responding to the order to show cause, Papa asked the court for an extension of time to file his brief. The court conducted a telephone hearing on the matter and concluded that Papa had no excuse for not filing his brief, that he had “no factual or legal basis for his appeal, and that he [had] not attempted to hire counsel or otherwise prosecute his case.” The court denied Papa’s request for an extension and dismissed his case with prejudice for failure to prosecute, see Fed. R. Bankr.P. 8001(a). Papa appeals, arguing that, because he was proceeding pro se and knew nothing about the law, the district court erred when it refused to grant him more time to file his brief.
We must first consider the Trustee’s contention that we lack jurisdiction in this case because Papa’s notice of appeal was untimely. Papa was required to file his notice of appeal within 30 days after the dismissal of his case. Fed. R.App. P. 4(a)(1)(A), 6(b)(1). The Trustee observes that the district court’s final order dismissing Papa’s appeal was signed on January 6, 2006 and that Papa did not file his notice of appeal until February 6, 2003, 31 days later. But the crucial date for determining timeliness is the date the order was entered on the district court's docket sheet, not the date it was signed. Darne v. State of Wis., 137 F.3d 484, 486 n. 1 (7th Cir.1998). The docket sheet reveals that, although the dismissal order was signed on January 6, it was not docketed until January 8. Thus, Papa timely filed his notice of appeal 29 days after entry of final judgment, and we do have jurisdiction to consider this case. See id.
We review for abuse of discretion the district court’s decision to deny Papa’s motion for an extension of time and dismiss his appeal under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. In re: Telesphere Comms., Inc., 177 F.3d 612, 616 (7th Cir.1999). Applying this deferential standard, we conclude that the court did not err. It is within a district court’s sound discretion to dismiss an appeal fi"om a bankruptcy court order when the appellant negligently fails to comply with procedural rules requiring him to file a timely brief and designate the record. See In re: Scheri, 51 F.3d 71, 73-74 (7th Cir.1995); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.1994); In re: Bulic, 997 F.2d 299, 301-02 (7th Cir.1993). Here the district court afforded Papa notice of the consequences of his failure to comply with procedural rules and ample opportunity to remedy his noncompliance. The court’s original dismissal order, filed October 9, 2002, allowed Papa until October 30 to show good cause in writing why he had failed to prosecute his appeal. Papa, however, did not accept the court’s invitation to explain why he had not filed his brief and why he should receive an extension of time. Papa’s professed inability to find an attorney and his ignorance of the law do not excuse his neglect. Even parties who proceed pro se are bound by procedural rules and court orders. Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996).
Moreover, Papa failed to demonstrate that he had basis to appeal in the first place. Because Papa failed to designate the record on appeal, the district court had to rely heavily on Papa’s hearing testimony to piece together much of what had happened in the bankruptcy court. But Papa could not identify for the judge the specific court order he was appealing, and he admitted that he had never filed anything in the bankruptcy court regarding his objection to the motion to compromise. When the judge asked Papa what issues he hoped to raise on appeal, Papa said that Coastal Corporation, which had submitted a proof of claim against ANR-Advance’s assets, was actually an owner of the company and that therefore its claims should *186 not be paid until after the claims of the other creditors had been satisfied. Papa, however, offered the court no basis upon which to evaluate his arguments concerning Coastal. In response to the judge’s questions, Papa said that he had “no idea” whether Coastal had filed a claim or received anything in the case. In short, Papa gave the district court no reason to believe that an extension of time would enable him to prosecute a nonfrivolous appeal.
Ultimately, Papa could not articulate to the court the basis of his appeal or even what decision he was appealing from, and he has failed to clarify these issues in the brief he filed in this court. We therefore AFFIRM the judgment of the district court dismissing Papa’s appeal from the bankruptcy court’s order granting the motion to compromise.