# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2717

_____

Fresenius Kabi USA, LLC

*Plaintiff - Appellant*

v.

State of Nebraska; Nebraska Department of Correctional Services; Scott Frakes, in his Official Capacity as Director of the Nebraska Department of Correctional Services

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: August 13, 2018
Filed: August 13, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Fresenius Kabi USA, LLC ("Fresenius Kabi") appeals the district court's[1] order denying its motion for a temporary restraining order. It moves to expedite its appeal,

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

*see* Fed. R. App. P. 2; 28 U.S.C. § 1657; & United States Court of Appeals for the Eighth Circuit, *Internal Operating Procedures* III.D., and it further moves for an injunction pending appeal, *see* Fed. R. App. P. 8(a).

Pursuant to an execution warrant issued by the Nebraska Supreme Court, the Nebraska Department of Correctional Services plans to execute Carey Dean Moore by lethal injection on August 14, 2018. Scott Frakes, the Director of the Nebraska Department of Correctional Services, disclosed that the drugs used in the execution include cisatracurium besylate and potassium chloride. On August 7, 2018, Fresenius Kabi brought suit alleging that the Department of Correctional Services improperly obtained these drugs from Fresenius Kabi's distributors. It sought injunctive and declaratory relief, as well as a temporary restraining order and preliminary injunction prohibiting Nebraska from using the drugs in connection with the planned execution. After conducting a hearing, the district court issued an order denying the motion for a temporary restraining order. Fresenius Kabi has filed an interlocutory appeal objecting to the denial of its motion for preliminary relief.

Nebraska has filed a motion to dismiss this appeal for lack of jurisdiction, and we must first ascertain whether we in fact do have jurisdiction. While 28 U.S.C. § 1292(a)(1) allows interlocutory appellate review of a preliminary injunction, ordinarily our jurisdiction does not extend to a temporary restraining order. *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990). But we have recognized jurisdiction where the temporary restraining order "is in substance a preliminary injunction." *Edudata Corp. v. Sci. Computs., Inc.*, 746 F.2d 429, 430 (8th Cir. 1984) (per curiam). Here, Fresenius Kabi sought both a temporary restraining order and a preliminary injunction. The district court order addressed only the temporary restraining order. Nonetheless, as the Supreme Court has explained in a similar context, "[T]he District Court did not *call* its orders 'injunctions'—in fact, it disclaimed the term—but the label attached to an order is not dispositive." *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) (citation omitted). The Court emphasized that "where an order has the 'practical effect' of granting or denying an injunction, it should be treated as such for

purposes of appellate jurisdiction." *Id.* Because that is the case here, we deny Nebraska's motion to dismiss the appeal.

We review the denial of a motion for a preliminary injunction for an abuse of discretion. *Jones v. Kelley*, 854 F.3d 1009, 1013 (8th Cir. 2017) (per curiam). "An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions." *Powell v. Noble*, 798 F.3d 690, 697 (8th Cir. 2015). To determine whether to issue a preliminary injunction, the district court considers "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Here, the district court considered each of these factors. Finding that they all cut against Fresenius Kabi, it denied the motion for a temporary restraining order.

Fresenius Kabi nevertheless argues that the district court gave significant weight to improper and irrelevant factors, failed to consider its likelihood of success on the merits, and improperly pitted its private interests against the democratic process. It claims that the district court misconstrued its concern for its business interests as "a calculated, abolitionist ploy to challenge the democratic will of Nebraskans." While we recognize that Fresenius Kabi takes no stand on capital punishment, we find nothing inappropriate in the district court's recognition that a preliminary injunction would frustrate Nebraska's plans to execute Mr. Moore. Indeed, *Dataphase* specifically requires the district court to consider the public interest. Nor does the district court's analysis of Fresenius Kabi's likelihood of success warrant reversal. As Fresenius Kabi rightly notes, the short timetable required the district court to issue an opinion under considerable time pressure, and both parties agreed that live witness testimony was not necessary. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that the limited purpose of and haste surrounding a preliminary injunction allow "evidence that is less complete than in a

-3-

trial on the merits"). In light of the nature of this action, it was not an abuse of discretion for the district court to treat the likelihood-of-success factor less exhaustively than Fresenius Kabi would have preferred, especially when the three other *Dataphase* factors clearly weighed in favor of the state. Indeed, the district court reasonably concluded that Fresenius Kabi was not likely to suffer irreparable injury because the injury it alleged was too speculative to support a preliminary injunction. This alone is sufficient to support its denial of the preliminary injunction. *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) ("[T]he absence of irreparable injury is by itself sufficient to defeat a motion for a preliminary injunction.").

Consequently, we grant Fresenius Kabi's motion for an expedited appeal, we affirm the district court order denying a preliminary injunction, and we deny as moot Fresenius Kabi's motion for a preliminary injunction pending appeal.

_____